Filed 11/3/20  P. v. Langram CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LA CHARRIE DIANE LANGRAM,<br><br>    Defendant and Appellant. | B303772<br><br>(Los Angeles County Super. Ct. No. TA146117) |

APPEAL from an order of the Superior Court of Los Angeles County, Lynn D. Olson, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————

La Charrie Diane Langram appeals from the superior court's denial of her petition to recall her sentence pursuant to Penal Code[1] section 1170, subdivision (d). Because Langram is appealing from a nonappealable order, we dismiss the appeal.

## PROCEDURAL BACKGROUND

On July 19, 2018 Langram waived her right to a preliminary hearing and entered a negotiated plea of no contest to count 2 for assault with a firearm (§ 245, subd. (a)(2)) and count 3 for assault with a deadly weapon (*id*., subd. (a)(1)), and she admitted she personally used a firearm in the commission of the assault charged in count 2 (§ 12022.5, subd. (a)). The trial court sentenced Langram to an aggregate state prison term of 15 years.

On December 2, 2019 Langram petitioned to recall her sentence under section 1170, subdivision (d)(1), seeking to have her firearm-use enhancement stricken and to be resentenced. The superior court denied the petition, stating section 1170, subdivision (d)(1), "has no provision for inmates to request resentencing." Langram appealed.

## DISCUSSION

We appointed counsel to represent Langram on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. Appellate counsel advised Langram she could submit a supplemental brief raising any contentions or

---

[1]     All further statutory references are to the Penal Code.

2

issues she wished us to consider.  On July 13, 2020 we received a one-page handwritten response in which Langram stated she "[n]ever used or had a gun."  (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

Generally, a trial court has no jurisdiction to resentence a defendant after execution of the sentence has begun.  (*People v. Karaman* (1992) 4 Cal.4th 335, 344; *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084.)  However, the trial court may recall the sentence and resentence a defendant within 120 days of his or her commitment into custody or upon a recommendation of the secretary of the California Department of Corrections and Rehabilitation, the Board of Parole Hearings, or the district attorney.  (§ 1170, subd. (d)(1); see *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455 ["Section 1170(d) is an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun."].)  In addition, "[u]nauthorized sentences and """"obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings"""" are correctable at any time.  (*Torres*, at p. 1085.)

Here, Langram filed her petition for recall and resentencing more than 120 days after execution of her sentence commenced, and she does not fall within any of the exceptions that may be corrected after the 120-day period.  (*People v. Torres, supra*, 44 Cal.App.5th at p. 1085.)  If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying the motion is nonappealable, and any appeal from the order must be dismissed.  (*Id*. at p. 1084; accord, *People v.*

*Turrin* (2009) 176 Cal.App.4th 1200, 1208; see *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

## DISPOSITION

The appeal is dismissed.


FEUER, J.

We concur:


PERLUSS, P. J.


SEGAL, J.