Filed 7/20/21  P. v. Nevarez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHRISTOPHER EDDIE NEVAREZ,<br><br>    Defendant and Appellant. | F081699<br><br>(Kings Super. Ct. No. 14CMS7223)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Michael J. Reinhart, Judge.

Alex Green, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant and defendant Christopher Eddie Nevarez pleaded no contest to three felony counts. He was sentenced to prison in 2015, and he did not file a notice of appeal. In 2020, he filed a motion for recall of his sentence based on the enactment of two new laws; the court denied his motion. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 12, 2015, an information was filed in the Superior Court of Kings County that charged defendant with committing the following offenses on April 27, 2014: counts 1, 2, and 3, attempted premeditated murder (Pen. Code, § 664, 187),[1] with gang enhancements (§ 186.22, subd. (b)), and allegations that he personally used a firearm (§ 12022.5, subd. (a)(1), § 12022.53, subd. (b)); counts 4, 5, and 6, assault with a firearm (§ 245, subd. (a)(2)), with gang enhancements, and enhancements for personal use of a firearm (§ 12022.5, subds. (a), (d)); and count 7, active participation in a criminal street gang (§ 186.22, subd. (a)).

As to all counts, it was alleged that defendant was at least 16 years of age at the time of the offenses, pursuant to Welfare and Institutions Code section 707, subdivision (d)(1).

On the same day, defendant pleaded no contest to counts 3, 4, and 5, assault with a firearm, and admitted the personal use enhancements attached to those counts (§ 12022.5, subds. (a), (d)).

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

On February 17, 2015, the court held the sentencing hearing and imposed an aggregate term of 16 years in state prison, based on the upper term of four years for count 4, consecutive terms of one year (one-third the midterm) for each of counts 5 and 6; plus 10 years for the personal use enhancement attached to count 4; and stayed the other enhancements.

Defendant did not file a notice of appeal.

**Postjudgment motions**

On June 8, 2020, defendant filed a motion with the trial court, in pro. per., for a juvenile fitness and transfer hearing pursuant to "Senate Bill [No.] 620" (2017–2018 Reg. Sess.), "Proposition 57," and *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299 (*Lara*). (CT 81) Defendant stated his birthdate; that he was 17 years old and a minor when he committed the offenses in April 2014; the criminal charges were filed against him as an adult; and his case should be recalled for a juvenile fitness hearing due to the enactment of Proposition 57 so the firearm enhancement could be stricken.

On August 10, 2020, the trial court denied defendant's motion. The court stated that based upon its review of the reporter's transcript, defendant pleaded no contest and waived his right to an appeal, the judgment was final for retroactivity purposes, and he was not entitled to recall for a juvenile fitness hearing. "[Senate Bill No.] 620 is effectual as of January 1, 2018 and permits courts to exercise discretion to strike gun enhancements at the time of sentencing or resentencing. In *People v. Arredondo* (2018) 21 Cal.App.5th 493, [the court] held that [Senate Bill No.] 620 applies to all criminal cases that are not yet final on appeal. Due to the finality of [d]efendant's case, he is not entitled to a resentencing hearing pursuant to [Senate Bill No.] 620."

On August 21, 2020, defendant filed a notice of appeal from the court's denial of his motion and requested a certificate of probable cause; the request was not acted upon.

# DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on October 15, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

We note that defendant's postjudgment motion claimed he was entitled to relief because of the enactment of two laws. In November 2016, the electorate passed Proposition 57, the Public Safety and Rehabilitation Act of 2016, that "prohibits prosecutors from charging juveniles with crimes directly in adult court. Instead, they must commence the action in juvenile court. If the prosecution wishes to try the juvenile as an adult, the juvenile court must conduct what we will call a 'transfer hearing' to determine whether the matter should remain in juvenile court or be transferred to adult court. Only if the juvenile court transfers the matter to adult court can the juvenile be tried and sentenced as an adult. [Citation.]" (*Lara, supra*, 4 Cal.5th at p. 303, fn. omitted.) However, Proposition 57's provisions for a juvenile fitness hearing are only retroactive to those "charged directly in adult court whose judgment was not final at the time [the initiative] was enacted." (*Id*. at p. 304.)

Senate Bill No. 620, effective January 1, 2018, amended section 12022.5, subdivision (c) to give the trial court discretion to dismiss the firearm enhancement found true under that statute. (Stats. 2017–2018, ch. 682, §§ 1, 2; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 134.) As noted by the trial court, however, the provisions of Senate Bill No. 620 are only retroactive to cases not yet final. (*People v. Arredondo, supra,* 21 Cal.App.5th at pp. 506–507.)

"In a criminal case, the *sentence* is the judgment. [Citation.]" (*People v. McKenzie* (2018) 25 Cal.App.5th 1207, 1213–1214.) Defendant was sentenced on February 17, 2015, and there is no indication that he filed a notice of appeal. Therefore, his case was final before the enactment of both Proposition 57 and Senate Bill No. 620.

4.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.