Filed 8/1/22  P. v. Devore CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | B317668 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA135565) |
| v. | |
| JASON EDWIN DEVORE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Mildred Escobedo, Judge.  Reversed and remanded with directions.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jason Edwin Devore appeals from the summary denial of his petition for resentencing pursuant to Senate Bill No. 620 (2017–2018 Reg. Sess.), which gave trial courts discretion to strike or dismiss, in the interest of justice, certain firearm enhancements alleged under Penal Code[1] sections 12022.5 and 12022.53. Although appellant's conviction was not yet final on January 1, 2018, when Senate Bill No. 620 became effective (Stats. 2017, ch. 682, §§ 1–2), the conviction was final by the time appellant sought resentencing in 2021. The superior court therefore lacked jurisdiction to entertain appellant's resentencing petition, and the order denying it is not appealable.

However, considering the appeal from this order as a petition for writ of habeas corpus (see *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 (*Segura*) [treating appeal as a petition for writ of habeas corpus in the interest of judicial economy]), we reach the merits of the issues presented and conclude that appellant is entitled to seek the benefits of the changes to the sentencing laws made by Senate Bill No. 620. We therefore remand the matter to the trial court for consideration of whether to exercise its discretion under Senate Bill No. 620.

## BACKGROUND

Following a jury trial in 2016, appellant was convicted of 15 counts of robbery (§ 211) and five counts of assault on a peace officer (§ 245, subd. (d)(2)). The jury found true personal firearm use allegations (§§ 12022.53, subd. (b), 12022.5, subds. (a) & (d)) on all of the assault counts, and also found true the personal discharge of a firearm allegation (§ 12022.53, subd. (c)) on three of the assault counts. Appellant was sentenced to state prison for

---

[1] Undesignated statutory references are to the Penal Code.

2

a term of 111 years 8 months,[2] which included 40 years for the firearm enhancements (§ 12022.53, subds. (b) & (c)) and a five-year enhancement for a prior serious felony conviction (§ 667, subd. (a)(1)).  This court affirmed the judgment of conviction and sentence in an unpublished opinion.  (*People v. Jason E. Devore* (July 27, 2017, B276539) [nonpub. opn.] (*Devore*).)

On May 3, 2021, appellant filed his petition for resentencing in the trial court pursuant to Senate Bill No. 620's amendments to sections 12022.5 and 12022.53 and pursuant to the policy changes instituted by the new district attorney in Los Angeles County.  On May 6, 2021, the trial court summarily denied appellant's petition on the ground that the judgment in his case is final, and there is no independent right to resentencing in final cases under Senate Bill No. 620.  The trial court further ruled that the district attorney's policy changes could not be implemented except upon an eligible entity's filing of a recall motion.

## DISCUSSION

1. *Senate Bill No. 620 applies to nonfinal judgments as of the effective date of the legislation.*

When appellant was sentenced in 2016, the trial court had no authority to strike firearm enhancements proven under sections 12022.5 and 12022.53.  (*People v. Arredondo* (2018) 21 Cal.App.5th 493, 506; former §§ 12022.5, subd. (c), 12022.53, subd. (h).)  Senate Bill No. 620, which became effective January 1, 2018, changed that, giving trial courts discretion to

---

[2] The trial court imposed sentence for a second strike pursuant to the Three Strikes law.  (§§ 667, subds (b)–(i), 1170.12.)

3

strike these enhancements in the interest of justice pursuant to section 1385. (§§ 12022.5, subd. (c), 12022.53, subd. (h); *People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1079–1080 (*Billingsley*).)

Senate Bill No. 620's amendments to the firearm enhancement statutes apply retroactively to all cases in which the judgment was not final on the date the ameliorative provisions took effect. (*Billingsley*, *supra*, 22 Cal.App.5th at p. 1080; *People v. Watts* (2018) 22 Cal.App.5th 102, 119; see *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307–308 & fn. 5.)

A judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed, or such a petition, if filed, has been decided. (*People v. Buycks* (2018) 5 Cal.5th 857, 876, fn. 5 (*Buycks*); *People v. Vieira* (2005) 35 Cal.4th 264, 306.) Here, the opinion on direct appeal was filed on July 27, 2017 (see *Devore, supra*, B276539), and the California Supreme Court denied appellant's petition for review on October 11, 2017. (*People v. Devore* (Oct. 11, 2017, S244027) review den.) Appellant's judgment became final 90 days later, on January 10, 2018, which was the deadline for filing a petition for writ of certiorari in the United States Supreme Court. (See *People v. Lizarraga* (2020) 56 Cal.App.5th 201, 206 ["a petition for writ of certiorari is timely filed within 90 days after entry of judgment of a state court of last resort"].)

2. *The summary denial of appellant's petition for resentencing under Senate Bill No. 620 is not an appealable order because the trial court lacked jurisdiction to consider it.*

Appellant did not file his petition for resentencing pursuant to Senate Bill No. 620 until May 3, 2021, long after his conviction had become final. By that time, the trial court no longer had

4

jurisdiction to entertain a petition to modify appellant's sentence. (See *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 (*Fuimaono*) [trial court lacked jurisdiction to grant resentencing request under Senate Bill No. 620 after defendant's conviction had become final].)

Although section 1237, subdivision (b) authorizes an appeal from a postjudgment order that affects the substantial rights of the party, "[a] trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b)." (*People v. King* (2022) 77 Cal.App.5th 629, 639; *Fuimaono*, *supra*, 32 Cal.App.5th at p. 135 ["Because the trial court lacked jurisdiction to modify defendant's sentence, denial of his motion to modify his sentence could not have affected his substantial rights. [Citation.] Accordingly, the 'order denying [the] motion to modify sentence is not an appealable order' "]; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725–1726 [where trial court lacks jurisdiction to grant relief, defendant has no standing to seek recall of sentence and denial of motion for recall does not affect defendant's substantial rights under § 1237, subd. (b)]; see also *People v. Thomas* (1959) 52 Cal.2d 521, 527.)

Nothing in the language of Senate Bill No. 620 authorizes a sentence modification after the conviction has become final. (*Fuimaono*, *supra*, 32 Cal.App.5th at p. 135.) Because appellant's conviction was final years before he sought resentencing under Senate Bill No. 620, the trial court lacked jurisdiction to grant relief, and its denial of appellant's petition is not an appealable order.

*3. In the interest of judicial economy, the appeal may be treated as a petition for writ of habeas corpus.*

Appellant's judgment was not final on January 1, 2018, when Senate Bill No. 620 took effect, making him eligible to seek the benefit of the new legislation's ameliorative provisions. But because the trial court lacked jurisdiction to consider a petition for resentencing after appellant's conviction had become final, appellant's only avenue for relief was by way of a petition for habeas corpus. In the interest of judicial economy, we may treat the appeal as a petition for writ of habeas corpus and thereby reach the merits of the issues presented by the appeal. (*Segura, supra,* 44 Cal.4th at p. 928, fn. 4, [treating appeal as petition for writ of habeas corpus in the interest of judicial economy]; see *People v. Richardson* (2021) 65 Cal.App.5th 360, 374 [treating appeal as habeas petition]; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 986 [construing the notice of appeal from the trial court's denial of a request for resentencing as a habeas corpus petition].) Appellant requests that we do so here.

Treating the appeal as a petition for writ of habeas corpus, we conclude that appellant is entitled to the trial court's consideration of whether to exercise its discretion under Senate Bill No. 620 to strike or dismiss any of the firearm enhancements imposed under section 12022.53, subdivisions (b) and (c). We therefore remand the matter to allow the trial court to exercise its discretion in that regard.

Appellant further requests that on remand for the trial court to exercise its sentencing discretion pursuant to Senate Bill No. 620, the trial court also consider striking the five-year enhancement for appellant's prior serious felony conviction pursuant to Senate Bill No. 1393. (Sen. Bill No. 1393, Stats.

6

2018, ch. 1013 [amending §§ 667, subd. (f) & 1385, subd. (b) to grant trial courts discretion to strike previously mandatory five-year enhancement for prior serious felony conviction].)  Our Supreme Court has explained that when a case is remanded for resentencing under the recall provisions of section 1170, subdivision (d), the trial court has jurisdiction to modify "every aspect of the defendant's sentence" in consideration of " 'any pertinent circumstances which have arisen since the prior sentence was imposed.' " (*Buycks*, *supra*, 5 Cal.5th at p. 893.)  An intervening change in the law is one such " 'pertinent circumstance' " the trial court may consider.  (See *People v. Pillsbury* (2021) 69 Cal.App.5th 776, 786.)

## DISPOSITION

The appeal from the postjudgment order summarily denying a petition for resentencing pursuant to Senate Bill No. 620 is deemed to be a petition for writ of habeas corpus. The petition is granted. The matter is remanded to the trial court to exercise its discretion to impose or strike any firearm enhancements under Penal Code sections 12022.5, subdivision (c) or 12022.53, subdivision (h). Upon resentencing, the trial court is further authorized to exercise its discretion to impose or strike the five-year enhancement for appellant's prior serious felony conviction pursuant to Penal Code sections 667, subdivision (f) and 1385, subdivision (b).

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.

8