Filed 2/8/19

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C087336 |
| v. | (Super. Ct. No. 14F04310) |
| ANDREW TAYLOR FUIMAONO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Jaime R. Roman, Judge. Appeal dismissed.

Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Appointed counsel for defendant Andrew Taylor Fuimaono asked this court to review the record and determine whether there are any arguable issues

1

on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having concluded defendant has appealed from a nonappealable order, we will dismiss the appeal.  (*People v. Mendez* (2012) 209 Cal.App.4th 32, 34; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.)

BACKGROUND

On February 19, 2015, defendant was convicted of assault with a firearm (Pen. Code, § 245, subd. (a)(2))[1] with a true finding that he personally used a firearm during the commission of his crime (§ 12022.5, subd. (a)).  On March 19, 2015, the trial court sentenced defendant to serve an aggregate term of 13 years in state prison.

On May 17, 2018, defendant filed a motion to be resentenced pursuant to Senate Bill No. 620 (2017-2018 Reg. Sess.) (Senate Bill No. 620) that amended sections 12022.5, subdivision (c), and 12022.53, subdivision (h), effective January 1, 2018 (Stats. 2017, ch. 682, §§ 1 & 2, respectively).  Pursuant to Senate Bill No. 620, defendant sought to have the firearm enhancement stayed.  Senate Bill No. 620 amended the firearm enhancement statutes giving the trial courts discretion to strike such enhancements.  The trial court summarily denied defendant's motion, finding the amendment to section 12022.5 granting trial courts discretion to stay such enhancements did not apply to defendant because his conviction was final.

Defendant appeals from that order.

DISCUSSION

An order made after judgment affecting a defendant's substantial rights is appealable.  (§ 1237, subd. (b).)  However, once a judgment is rendered, except for limited statutory exceptions (§§ 1170.126, 1170.18), the sentencing court is without

---

[1]    Undesignated statutory references are to the Penal Code.

2

jurisdiction to vacate or modify the sentence, except pursuant to the provisions of section 1170, subdivision (d).  (See *Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1834-1835.)  Section 1170, subdivision (d), allows a sentencing court on its own motion to recall and resentence, subject to the express limitation that the court must act to recall the sentence within 120 days after committing the defendant to prison.  (See *Dix v. Superior Court* (1991) 53 Cal.3d 442, 464.)  Indeed, "the court loses 'own-motion' jurisdiction if it fails to recall a sentence within 120 days of the original commitment. [Citations.]"  (*Ibid.*)  Defendant was committed to state prison and judgment was rendered when the trial court imposed sentence on March 19, 2015.

Defendant's motion for resentencing was not based on the trial court's limited authority to resentence under § 1170, subdivision (d).  Instead, defendant argued he was entitled to resentencing under the recently enacted Senate Bill No. 620.  The Legislature may give defendants whose judgments are final the benefits of newly enacted laws.  (See, e.g., *Teal v. Superior Court* (2014) 60 Cal.4th 595, 600 ["Section 1170.126 creates a substantial right to be resentenced and provides a remedy by way of a statutory postjudgment motion"]).  Senate Bill No. 620, however, does not contain language authorizing resentencing of convictions after they became final.  And absent any new authority to resentence defendant under Senate Bill No. 620, the trial court lacked jurisdiction to grant defendant's resentencing request.  (See *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725.)  Because the trial court lacked jurisdiction to modify defendant's sentence, denial of his motion to modify his sentence could not have affected his substantial rights.  (*Id.* at p. 1726.)  Accordingly, the "order denying [the] motion to modify sentence is not an appealable order," and the appeal must be dismissed.  (*Ibid.*)

3

DISPOSITION

The appeal is dismissed.

_____/s/_____
HOCH, J.

We concur:

_____/s/_____
BLEASE, Acting P. J.

_____/s/_____
RENNER, J.