Filed 8/18/20  P. v. Barragan CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B301457 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA106907) |
| v. | |
| GUADALUPE BARRAGAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael A. Cowell, Judge.  Dismissed.

Deborah L. Hawkins, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

In 2010, a jury found Guadalupe Barragan guilty of first degree murder and found true personal firearm use enhancements. (Pen. Code, § 12022.53, subds. (b)–(d).)  The trial court sentenced her to 25 years to life for the murder and a consecutive 25 years to life for the firearm enhancement pursuant to Penal Code section 12022.53, subdivision (d).  On appeal, we modified her custody credits and affirmed.  (*People v. Barragan* (March 8, 2012, B227931) [nonpub. opn.].)

In 2019, Barragan filed a petition to recall her sentence. She requested resentencing pursuant to Senate Bill 620 (SB 620), which provided sentencing courts with discretion to strike firearm enhancements.  She recognized her case was final, but she argued the court could recall her sentence pursuant to Penal Code section 1170, subdivision (d)(1) as it was recently amended by Assembly Bill 1812.  The court summarily denied the petition because "the defendant was the actual shooter in this case and admitted as much in testimony on the witness stand."  Barragan appealed the order.

We appointed counsel to represent Barragan on appeal. After review of the record, Barragan's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).  On May 19, 2020, we advised Barragan she had 30 days to submit any contentions or issues she wished us to consider. Barragan did not file a supplemental brief.

We have examined the entire record.  We are satisfied no arguable issues exist and Barragan's counsel has fully satisfied her responsibilities under *Wende*.  (*Smith v. Robbins* (2000) 528 U.S. 259, 279–284; *Wende, supra,* 25 Cal.3d at p. 441; see *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

We dismiss Barragan's appeal. SB 620 does not apply to final judgments, so the trial court lacked jurisdiction to grant her petition. Because the court's order could not have affected Barragan's substantial rights, it was not an appealable order after judgment. (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135; see *People v. Hernandez* (2019) 34 Cal.App.5th 323, 327; *People v. Johnson* (2019) 32 Cal.App.5th 938, 941–942.) The amendments made by AB 1812 did not change the substantive requirements to recall a sentence under Penal Code section 1170, subdivision (d)(1), which did not permit the court to grant Barragan's petition to reopen the final judgment for SB 620 resentencing. (*Fuimaono, supra,* at p. 134.)

## DISPOSITION

The appeal is dismissed.

BIGELOW, P. J.

We concur:

STRATTON, J.

WILEY, J.

3