Filed 9/1/20  P. v. Grant CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B302276 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA070099) |
| v. | |
| DEJUAN TERRANCE GRANT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Shannon Knight, Judge.  Appeal dismissed.

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Dejuan Terrance Grant appeals from an order denying his postjudgment motion to reduce the restitution and parole revocation fines imposed in his case.  Because the superior court lacked jurisdiction to hear Grant's motion, its order denying that motion is not appealable.  Accordingly, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In a negotiated agreement Grant pleaded no contest in May 2018 to one count of carjacking and three counts of second degree robbery and admitted firearm use and criminal street gang enhancement allegations.  The trial court sentenced Grant to an aggregate state prison term of 33 years.

On September 10, 2019 Grant moved to modify his sentence, challenging the court's order he pay a restitution fine of $9,900 (Pen. Code, § 1202.4, subd. (b)) and an imposed but stayed parole revocation fine of $9,900 (Pen. Code, § 1202.45), arguing the court had failed to consider his ability to pay the fines and he is entitled to an ability-to-pay hearing pursuant to this court's decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).  The superior court denied Grant's motion, ruling it lacked jurisdiction to modify the fines imposed at the time of Grant's sentencing, citing *People v. Turrin* (2009) 176 Cal.App.4th 1200.

Grant filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Grant on appeal.  After examination of the record, counsel filed an opening brief in which no issues were raised.  On March 20, 2020 we advised Grant he had 30 days within which to submit any contentions or issues he wished us to consider.  We have not received a response.  (See

*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

Generally, a trial court has no jurisdiction to resentence a defendant after execution of the sentence has begun. (*People v. Karaman* (1992) 4 Cal.4th 335, 344; *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084.) However, the trial court may recall the sentence and resentence a defendant within 120 days of his or her commitment into custody (Pen Code, § 1170, subd. (d)(1)). In addition, an unauthorized sentence, clerical and computational errors and obvious legal errors that can be remedied without referring to factual findings in the record or remanding for further findings are correctible at any time. (See *Torres*, at p. 1085.) Here, execution of Grant's sentence began well before he filed the motion to modify his challenged fines; and his argument under *Dueñas*, based on a factual evaluation of his ability to pay, does not fall within any of these exceptions. (*Torres*, at p. 1085.)

If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable; and any appeal from such an order must be dismissed. (*People v. Torres*, *supra*, 44 Cal.App.5th at p. 1084; accord, *People v. Turrin*, *supra*, 176 Cal.App.4th at p. 1208; see *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

## DISPOSITION

The appeal is dismissed.


PERLUSS, P. J.


We concur:


SEGAL, J.


FEUER, J.

4