Filed 1/7/21  P. v. Floyd CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B304531 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA353908) |
| v. | |
| ANDREW FLOYD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Dismissed.

Jill Ishida, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————

Andrew Floyd appeals from the superior court's denial of his motion for modification of sentence pursuant to Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393) or Penal Code[1] section 1170, subdivision (d).  Because Floyd is appealing from a nonappealable order, we dismiss the appeal.

## PROCEDURAL BACKGROUND

In 2009 a jury convicted Floyd of second degree robbery (§ 211).  In a bifurcated proceeding the trial court found true Floyd suffered a prior conviction of a serious or violent felony under the three strikes law (§§ 667, subds. (b)-(i), 1170.12), which was a serious felony within the meaning of section 667, subdivision (a)(1), and two prior convictions for which he served prison terms (§ 667.5, subd. (b)).  On February 24, 2010 the trial court sentenced Floyd to an aggregate state prison term of 15 years comprised of the upper term of five years for second degree robbery, doubled as a second strike, plus five years for his prior serious felony conviction.  The court struck the prior prison term enhancements.  This court affirmed Floyd's robbery conviction on appeal.  (*People v. Floyd* (Aug. 9, 2011, B222974) [nonpub. opn]. (*Floyd I*).)

On November 18, 2019 Floyd filed a motion for modification of sentence in which he requested the trial court recall his sentence and dismiss the five-year enhancement, citing to Senate Bill 1393.  Floyd attached to his motion certificates of completion for various programs and classes he completed while incarcerated.  The superior court applauded Floyd's efforts to

---

[1]    All further statutory references are to the Penal Code.

rehabilitate himself, but it denied his petition, finding "no good cause for the modification of his sentence." Floyd timely appealed.

## DISCUSSION

We appointed counsel to represent Floyd on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. Appellate counsel advised Floyd he could submit a supplemental brief raising any contentions or issues he wished us to consider. On July 27, 2020 we received a three-page handwritten response in which Floyd requested early release, stating, "I . . . believe that I have paid for the consequences of my criminal actions and that I have become a better person as a result of my years behind bars." (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

In 2018 the Governor signed into law Senate Bill 1393 (2017-2018 Reg. Sess.), which went into effect on January 1, 2019. Senate Bill 1393 amended section 1385 by deleting subdivision (b), which prohibited trial courts from exercising discretion "to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under [s]ection 667." (§ 1385, former subd. (b).) Senate Bill 1393 applies retroactively to defendants whose sentences were not final at the time the new law became effective on January 1, 2019. (*People v. Stamps* (2020) 9 Cal.5th 685, 699; *People v. Jones* (2019) 32 Cal.App.5th 267, 272; see *In re Estrada* (1965) 63 Cal.2d 740, 744 [Absent contrary legislative intent, "[i]f the amendatory statute lessening punishment becomes effective prior to the date the judgment of

3

conviction becomes final then, in our opinion, it, and not the old statute in effect when the prohibited act was committed, applies."].)

Because Floyd's sentence became final following our affirmance of his conviction in *Floyd I*, Senate Bill 1393 does not apply retroactively to provide relief for Floyd. Floyd has not cited to any other basis to recall his sentence. Generally, a trial court has no jurisdiction to resentence a defendant after execution of the sentence has commenced. (*People v. Karaman* (1992) 4 Cal.4th 335, 344; *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 (*Torres*).) However, the trial court may recall the sentence and resentence a defendant within 120 days of his or her commitment into custody or upon a recommendation of the secretary of the California Department of Corrections and Rehabilitation, the Board of Parole Hearings, or the district attorney. (§ 1170, subd. (d)(1); see *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455 ["Section 1170(d) is an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun."].) In addition, "[u]nauthorized sentences and ""obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings"" are correctable at any time." (*Torres*, at p. 1085.)

Floyd filed his motion for modification of sentence more than 120 days after execution of his sentence commenced, and he does not fall within any of the exceptions that may be corrected after the 120-day period. (*Torres, supra*, 44 Cal.App.5th at p. 1085.) If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying the motion is nonappealable, and any appeal from the order must be

4

dismissed.  (*Id*. at p. 1084; *People v. Turrin* (2009)
176 Cal.App.4th 1200, 1208; see *People v. Fuimaono* (2019)
32 Cal.App.5th 132, 135.)

## DISPOSITION

The appeal is dismissed.

FEUER, J.

We concur:

PERLUSS, P. J.

SEGAL, J.