Filed 3/9/21  P. v. Dixon CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B303629 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA288736) |
| v. | |
| HERMAN JAY DIXON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Dismissed.

Eric E. Reynolds, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

————

Herman Jay Dixon appeals from the superior court's denial of his postjudgment motion for modification of sentence to reduce the restitution fine and parole revocation restitution fine the trial court imposed in 2006 following Dixon's conviction of first degree murder. Because Dixon is appealing from a nonappealable order, we dismiss the appeal.

## PROCEDURAL BACKGROUND

In 2006 a jury found Dixon guilty of first degree murder (Pen. Code,[1] § 187, subd. (a)) and found true multiple firearm enhancement allegations. In a bifurcated proceeding the trial court found true Dixon had suffered a prior conviction of a serious or violent felony within the meaning of the three strikes law (§§ 667, subds. (b)-(j), 1170.12), which was a serious felony under section 667, subdivision (a), and he had served three prior prison terms within the meaning of section 667.5, subdivision (b). The trial court sentenced Dixon to 80 years to life in prison. The court imposed a restitution fine of $10,000 (§ 1202.4, subd. (b)) and imposed and suspended a parole revocation restitution fine in the same amount (§ 1202.45). Dixon appealed, and we affirmed. (*People v. Dixon* (Feb. 20, 2008, B196146) [nonpub. opn.].)

On December 3, 2019 Dixon, representing himself, filed a "motion for modification of sentence per given restitution . . . pursuant to . . . § 1202.4(b) [and] 1202.45." In his motion, Dixon requested his sentence be modified to reduce the restitution fine and parole revocation restitution fine to $200 each based on his

---

[1]     All further statutory references are to the Penal Code.

inability to pay the $10,000 fines imposed. On December 6 the superior court summarily denied the motion. Dixon again appealed.

## DISCUSSION

On appeal, Dixon argues this court's opinion in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 should be applied retroactively to Dixon's sentence to allow him to argue his entitlement to a hearing on his ability to pay the fines imposed at sentencing in 2006. Dixon asserts it would violate his right to equal protection under the federal and state constitutions not to apply *Dueñas* to his sentence because defendants whose appeals were not final at the time *Dueñas* was decided were entitled to relief, but because Dixon's appeal was final before *Dueñas* was decided, he was not. The People contend Dixon's appeal should be dismissed because the superior court did not have jurisdiction to modify Dixon's long-since final sentence. The People are correct.

Generally, a trial court has no jurisdiction to resentence a defendant after execution of the sentence has begun. (*People v. Karaman* (1992) 4 Cal.4th 335, 344; *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 [order denying defendant's motion to modify sentence to reduce restitution fine imposed at sentencing was nonappealable order because motion was filed after defendant's direct appeal was concluded, and there was no other basis for trial court jurisdiction].) However, the trial court may recall the sentence and resentence a defendant within 120 days of his or her commitment into custody or upon a recommendation of the secretary of the California Department of Corrections and

3

Rehabilitation, the Board of Parole Hearings, or the district attorney. (§ 1170, subd. (d)(1); see *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455 ["Section 1170(d) is an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun."].) In addition, "[u]nauthorized sentences and """"obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings"""" are correctable at any time. (*Torres*, at p. 1085.)

Here, Dixon filed his petition for recall and resentencing more than 120 days after execution of his sentence commenced (in 2008), and he does not fall within any of the exceptions allowing correction after the 120-day period. (*People v. Torres, supra*, 44 Cal.App.5th at p. 1085.)[2] If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying the motion is nonappealable, and any appeal from the order must be dismissed. (*Torres*, at p. 1084; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208; see *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

---

[2] Dixon bases his motion on sections 1202.4, subdivision (b), and 1202.45. Section 1202.4, subdivision (b), provides for imposition of a restitution fine; section 1202.45, subdivision (a), provides for imposition of a parole revocation restitution fine. Neither section provides the superior court with jurisdiction to modify a fine imposed at sentencing after a defendant's judgment of conviction becomes final.

4

## DISPOSITION

The appeal is dismissed.


                                          FEUER, J.

We concur:


SEGAL, Acting P. J.


McCORMICK, J.*

---

\*      Judge of the Orange Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.