Filed 4/19/21  P. v. Ortiz CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL ORTIZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B295312<br>(Super. Ct. No. BA277399)<br>(Los Angeles County) |

   Daniel Ortiz appeals an order denying his petition pursuant to Penal Code[1] section 12022.53, subdivision (h) to strike a 25-year-to-life firearm enhancement.  Because subdivision (h) was not enacted until many years after the judgment against Ortiz became final, the trial court had no jurisdiction over the petition.  We dismiss the appeal.

---

   [1] All statutory references are to the Penal Code.

FACTS

In August 2002, Ortiz shot a rival gang member multiple times in the back as the victim was fleeing. The victim died of his wounds. Ortiz was 15 years old at the time.

Ortiz was convicted by a jury of first degree murder (§§ 187, subd. (a), 189) and two counts of unlawful possession of a firearm (former § 12021, subd. (d)). The jury also found true a gang enhancement (§ 186.22, subd. (b)(1)) and a firearm enhancement (§ 12022.53, subd. (d)).

The trial court sentenced Ortiz to 25 years to life for first degree murder and a consecutive 25 years to life on the firearm enhancement pursuant to section 12022.53, subdivision (d). The court also sentenced Ortiz to a consecutive one year eight months on the remaining counts for a total of 51 years eight months to life.

On September 18, 2008, we affirmed the judgment. (*People v. Ortiz* (Sept. 18, 2008, B194337) [nonpub. opn.].)

*Petition for Resentencing*

In August 2018, Ortiz petitioned the trial court for resentencing. He requested the trial court to exercise its discretion to strike the firearm enhancement imposed pursuant to section 12022.53, subdivision (d).

At the time Ortiz was sentenced, imposition of a sentence under section 12022.53 was mandatory.

Effective January 1, 2018, the Legislature added subdivision (h) to section 12022.53. That subdivision gives the trial court the discretion to strike the section 12022.53 firearm enhancement in the interest of justice.

The trial court considered the petition on its merits. The court found that the aggravating circumstances, including Ortiz's

2.

record of prison discipline, preponderate over the mitigating circumstances, including Ortiz's young age at the time of the murder.  The court denied the petition.

## DISCUSSION

Ortiz contends the trial court abused its discretion in denying his resentencing petition.

But Ortiz does not contest that at the time he was sentenced, a 25-year-to-life sentence under section 12022.53, subdivision (d) was mandatory.  Nor does he contest that the judgment in his case became final in 2008, long before the 2018 amendment granting the trial court the discretion to strike the firearm enhancement.

The trial court's newly granted discretion to strike a firearm enhancement under section 12022.53, subdivision (h) applies only to nonfinal judgments or to final judgments where the defendant is being resentenced under some other law. (*People v. Baltazar* (2020) 57 Cal.App.5th 334, 341.)  Neither is the case here.  If the Legislature had wanted to provide a procedure for reopening final cases for resentencing, it could have done so.  It did not.  (*Ibid.*)  The trial court lacked jurisdiction to modify Ortiz's sentence.  (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)  Because the trial court lacked jurisdiction to modify Ortiz's sentence, the denial of Ortiz's petition is not an appealable order.  (*Ibid.*)  The appeal must be dismissed.  (*Ibid.*)

3.

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED.</u>

                                        GILBERT, P. J.

We concur:


    PERREN, J.


    TANGEMAN, J.

Stephen A. Marcus, Judge

Superior Court County of Los Angeles

_____

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.