Filed 9/12/22  In re Q.S. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| In re Q.S., a Person Coming Under the Juvenile Court Law. | C095594 |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>Q.S.,<br><br>Defendant and Appellant. | (Super. Ct. No. JJCJVDE20160001919) |

The San Joaquin District Attorney's office filed a wardship petition against the minor Q.S. alleging in October and November of 2020 he committed a string of robberies, a carjacking, and a murder.  The juvenile court granted the District Attorney's motion to transfer the case to adult criminal court.  Appointed counsel for defendant filed an opening brief setting forth the facts of the case and asking this court to review the

1

record to determine whether there are any arguable issues on appeal (*People v. Wende* (1979) 25 Cal.3d 436); defendant did not file a supplemental brief.

In his opening brief, counsel for defendant noted that "there may be a question as to the appealability of the matter being appealed." Indeed, the order at issue here is not appealable, as we next explain. We shall dismiss the appeal.

## BACKGROUND

The wardship petition charged defendant with five robberies (counts 1, 6, 8, 10, 11), attempted robbery (count 2), carjacking (count 4), murder (count 12) with a special circumstance allegation the murder occurred in the course of a robbery (count 12), and five counts of felon in possession of a firearm (counts 3, 5, 7, 9, 13). (Pen. Code, §§ 211, 664, 211, 215, subd. (a), 187, subd. (a), 190.2, subd. (a)(17), 29800, subd. (a)(1).)[1] The petition alleged enhancements for personal use of a firearm (counts 1, 2, 6, 8, 10) and intentional and personal discharge of a firearm causing great bodily injury or death (counts 4, 11, 12). (§ 12022.53, subds. (b), (d).)

The District Attorney requested a hearing for the juvenile court to consider transferring the matter to adult court. The probation department supported the motion.

The juvenile court held an evidentiary hearing and orally pronounced its ruling finding each of the five factors in Welfare and Institutions Code section 707, subdivision (a)(2), favored transfer to adult criminal court. The court found: (1) the minor was 17 years nine months old at the time of his crime spree and the premeditated robberies, the carjacking and the murder demonstrated his criminal sophistication; (2) there was insufficient time for the juvenile court to attempt to rehabilitate the minor before its jurisdiction over the minor expired; (3) the minor had an extensive delinquent history; (4) the minor had been terminated from three different programs designed for his

---

[1] Further undesignated statutory references are to the Penal Code.

rehabilitation due to poor performance; and (5) the circumstances alleged in the petition were grave.

The juvenile court granted the motion to transfer on November 15, 2021. The minor filed a notice of appeal on January 13, 2022. The case was fully briefed on August 1, 2022, and assigned to this panel shortly thereafter.

DISCUSSION

Effective January 1, 2022, an order transferring a minor from juvenile court to a court of criminal jurisdiction is subject to immediate appeal. (Welf. & Inst. Code, § 801, subd. (a).) The notice of appeal must be filed within 30 days of the challenged order. (*Ibid.*)

Section 801, subdivision (a), does not apply retroactively. (*People v. Pineda* (2022) 78 Cal.App.5th 491, 498.) Because it acts prospectively, only orders entered on or after January 1, 2022, are appealable. The instant order was entered on November 15, 2021. Thus, we are without jurisdiction to hear this appeal and must dismiss it. (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

For transfer orders such as this one, issued prior to January 1, 2022, the exclusive remedy to challenge that order is by petition for an extraordinary writ. (*People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 714; Cal. Rules of Court, rule 5.770, subd. (g).)

Even were we inclined to consider construing this untimely appeal as a petition for writ of mandate, we see no basis in the record to conclude the trial court abused its discretion and no basis to intervene. On a motion for transfer, " '[t]he prosecution bears the burden of establishing by a preponderance of the evidence [that] the minor is not a suitable candidate for treatment under the juvenile court system.' " (*Kevin P. v. Superior Court* (2020) 57 Cal.App.5th 173, 186.) The juvenile court must consider five statutory factors: (1) "The degree of criminal sophistication exhibited by the minor"; (2) "Whether the minor can be rehabilitated prior to the expiration of the juvenile court's jurisdiction"; (3) "The minor's previous delinquent history"; (4) the "Success of previous attempts by

3

the juvenile court to rehabilitate the minor"; and (5) "The circumstances and gravity of the offense alleged in the petition to have been committed by the minor." (Welf. & Inst. Code, § 707, subds. (a)(3)(A)-(E).) "We review such rulings for an abuse of discretion." (*Kevin P.*, at p. 187.)

The juvenile court held a hearing, received evidence, and found each of the five factors supported transfer. The court demonstrated it understood each of the factors and its findings were amply supported by evidence in the record of the minor's criminal sophistication, the lack of time to rehabilitate the minor, his extensive previous delinquent history, the lack of success of the prior attempts to rehabilitate the minor, and the gravity of the offenses charged. Even if asked to construe the appeal as a writ, we would see no reason to do so.

## DISPOSITION

The appeal is dismissed.


_____/s/_____
Duarte, Acting P. J.


We concur:


_____/s/_____
Renner, J.


_____/s/_____
Earl, J.