Filed 11/27/23  P. v. Watts CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C097775 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-2012-0006820, SF119582A) |
| v. | |
| SHEMICK FERRER WATTS, | |
| Defendant and Appellant. | |

Defendant Shemick Ferrer Watts appeals the trial court's denial of his motion, filed after his judgment was final, for relief under the California Racial Justice Act of 2020 (Stats. 2020, ch. 317) (the Racial Justice Act).  Because the trial court lacked jurisdiction to adjudicate defendant's motion, the order denying that motion is nonappealable and the appeal from that order must be dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

As relevant here, in 2012, a jury found defendant guilty of premeditated attempted murder and further found multiple enhancements true.  The trial court sentenced

1

defendant to 23 years in prison. We affirmed the judgment (*People v. Watts* (Nov. 20, 2014, C073627) [nonpub. opn.]) and the case became final when the remittitur issued on January 29, 2015. Recently, on November 7, 2022, defendant moved the trial court for resentencing under the Racial Justice Act, alleging that the prosecutor was biased against him because he was African-American. The trial court denied the motion because, at the time, the Racial Justice Act did not apply retroactively. Defendant timely appealed.

DISCUSSION

Defendant contends that the trial court's denial of his motion should be vacated and the matter remanded because the Racial Justice Act has now been amended to apply retroactively. The People argue that this appeal should be dismissed because the trial court's denial was not an appealable order. The People have the better argument.

"The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634, review denied July 27, 2022.) An exception to this rule is when the Legislature has created "specific statutory avenues for incarcerated defendants to seek resentencing in particular cases." (*Id.* at p. 637.) But this exception does not apply here. Effective January 1, 2021, the Racial Justice Act, which is codified in several statutes (Pen. Code, §§ 745, 1473, subd. (f), 1473.7, subd. (a)(3)), states that "[t]he state shall not seek or obtain a criminal conviction or seek, obtain, or impose a sentence on the basis of race, ethnicity, or national origin" (§ 745, subd. (a), added by Stats. 2020, ch. 317, § 3.5). Section 745, subdivision (b) provides that a "defendant may file a motion in the trial court or, if judgment has been imposed, may file a petition for writ of habeas corpus or a motion under [s]ection 1473.7 in a court of competent jurisdiction, alleging a violation of" the Racial Justice Act. Defendant's motion was neither a petition for a writ of habeas corpus nor a motion under section 1473.7, and therefore was not authorized under the Racial Justice Act.

The trial court therefore lacked jurisdiction to consider defendant's motion. "And '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.' " (*People v. King*, *supra*, 77 Cal.App.5th at p. 634; see also *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 ["Because the trial court lacked jurisdiction to modify [the] defendant's sentence, denial of his motion to modify his sentence could not have affected his substantial rights"].)  Accordingly, we must dismiss defendant's appeal.

DISPOSITION

The appeal is dismissed.


_/s/_____
ROBIE, Acting P. J.


We concur:


_/s/_____
MAURO, J.


_/s/_____
KRAUSE, J.

3