Filed 4/2/25  P. v. Hennes CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVSHAWN LARAY HENNES,<br><br>    Defendant and Appellant. | B335552<br><br>(Los Angeles County<br>Super. Ct. No. YA088396) |

APPEAL from an order of the Superior Court of Los Angeles County, Alan B. Honeycutt, Judge.  Appeal dismissed.

Lenore De Vita, under appointment by the Court of Appeal; Davshawn Hennes, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Davshawn Laray Hennes appeals from an order denying his postjudgment motion to correct his sentence by awarding him

the correct amount of presentence custody credits. Hennes asserts the superior court incorrectly awarded him nine extra days of actual custody credits, thus rendering his sentence illegal and entitling him to a full resentencing hearing.

Because the superior court lacked jurisdiction to consider Hennes's postjudgment motion to recalculate his custody credits, we dismiss Hennes's appeal without prejudice to Hennes filing a petition for a writ of habeas corpus in the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2014 a jury found Hennes guilty of two counts of first degree residential burglary (Pen. Code,[1] § 459; counts 1 and 3) and one count of attempted first degree residential burglary. (§§ 459, 664; count 2.) As to counts 1 and 3, the jury found true that a person other than an accomplice was present during the commission of the burglaries. (§ 667.5, subd. (c)(21).) On April 24, 2015 the trial court granted in part Hennes's motion to dismiss his two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12), dismissing one of his prior convictions as to counts 2 and 3. The court sentenced Hennes to an aggregate state prison term of 45 years four months to life. The court awarded Hennes 689 days of presentence custody credits, including 599 days of actual custody credits plus 90 days of conduct credits.

In *People v. Hennes* (Aug. 29, 2016, B264125) (nonpub. opn.), we affirmed the convictions but concluded the trial court failed to impose the two mandatory five-year prior serious felony

---

[1]     Further undesignated statutory references are to the Penal Code.

enhancements. We remanded the case to the trial court with directions to resentence Hennes. On February 24, 2017 the court resentenced Hennes to an aggregate state prison term of 47 years eight months to life. In *People v. Hennes* (Oct. 24, 2017, B280094) [nonpub. opn.]), we affirmed but ordered the court to correct the February 24 minute order and prepare a corrected abstract of judgment.[2]

On November 13, 2023 Hennes filed a motion in the superior court to correct his sentence by recalculating his presentence custody credits. Hennes argued the calculation of his presentence custody credits was incorrect because the "records reflect movant was taken into custody on September 12, 2013 – not September 4, 2013," and he should have been awarded 590 days of actual custody credits (not 599 days). Therefore, Hennes argued, his sentence was unauthorized and he was entitled to a full resentencing hearing. The trial court denied the motion on December 20, 2023, stating Hennes "fails to provide any evidence/prima facie showing that [the] credits are incorrect."

Hennes timely appealed.

## DISCUSSION

We appointed counsel to represent Hennes on appeal from the denial of his motion to correct his sentence. After reviewing the record, appointed counsel did not identify any arguable issues and so informed this court. Appointed counsel advised Hennes that she was filing a brief stating she "did not find any arguable issues to raise on appellant's behalf" and that Hennes had a right

---

[2] The minute order misstated the aggregate sentence as 48 years four months to life.

to file a supplemental brief.  Appointed counsel sent Hennes a copy of the brief and the transcripts of the record on appeal.

On February 7, 2024 we received a two-page supplemental brief from Hennes, with 12 pages of exhibits.  Hennes argued his motion "outlined clearly, persuasively and unambiguously my legal entitlement to the relief sought in this matter" and that "because of such miscalculation, my judgment was/is effectively rendered 'non-final' in turn legally entitling me to the full range of relief."

The trial court did not have jurisdiction to consider Hennes's motion.  The decision in *People v. Boyd* (2024) 103 Cal.App.5th 56 (*Boyd*) is instructive.  There, the defendant appealed from the trial court's order granting his postjudgment motion to correct an unauthorized sentence by recalculating his custody and conduct credits, but the court denied him a full resentencing hearing.  (*Id*. at p. 61.)  The Court of Appeal concluded "the trial court lacked fundamental jurisdiction to consider Boyd's freestanding [postjudgment] motion given that his sentence has long been made final."  (*Ibid*.)  The court explained that while a trial court has inherent power to correct clerical errors at any time, "[t]he trial court's misstatement of the number of days of credits was . . . a judicial error" that may be corrected when brought to the attention of the trial court, but where the sentence is final, it may only be corrected by the filing of a petition for writ of habeas corpus (unless there is another basis for jurisdiction).  (*Id*. at pp. 63-64, 66; see *People v. King* (2022) 77 Cal.App.5th 629, 637 [unauthorized sentence doctrine "does not itself create jurisdiction for the trial court to rule on a motion challenging the legality of a sentence"]; cf. *In re Marquez* (2003) 30 Cal.4th 14 [Supreme Court reversed denial of petition

4

for writ of habeas corpus challenging award of presentence credits, ordering judgment corrected to reflect additional credits].)

As in *Boyd*, the superior court in this case lacked fundamental jurisdiction to consider Hennes's motion because his sentence is final. (See *Boyd, supra*, 103 Cal.App.5th at p. 71 ["Because Boyd began serving his prison sentence years ago, the trial court's lack of jurisdiction here was not merely another way to say it acted in excess of its jurisdiction. Rather, it lacked fundamental jurisdiction, and its order was therefore void, not simply voidable."].) Because the superior court lacked jurisdiction to consider Hennes's motion, we likewise lack jurisdiction. (See *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 ["Because the trial court lacked jurisdiction . . . the appeal must be dismissed."].) We therefore dismiss the appeal for lack of jurisdiction without prejudice to Hennes seeking a writ of habeas corpus in the trial court. [3]

---

[3]    In *Boyd*, the Court of Appeal exercised its discretion to treat the defendant's appeal as a petition for writ of habeas corpus "in the interest of judicial economy" because the appeal raised the purely legal question whether the defendant was entitled to a full resentencing hearing. (*Boyd, supra*, 103 Cal.App.5th at p. 72.) In this case, there is a factual question whether Hennes was awarded the correct presentence custody credits. Accordingly, the superior court is the appropriate forum for the filing of any petition for writ of habeas corpus in the first instance. We note that even if Hennes was awarded too many days of presentence credits, he would not be entitled to a full resentencing hearing. (*People v. Gonzalez* (2025) 108 Cal.App.5th 741, 751 ["[T]he court's recalculation of custody credits did not warrant a full resentencing and a new pronouncement of judgment."]; *Boyd, supra*, 103 Cal.App.5th at pp. 73-74 [same].)

## DISPOSITION

Hennes's appeal from the order of December 20, 2024 is dismissed for lack of jurisdiction without prejudice to Hennes filing a petition for a writ of habeas corpus in the superior court.


FEUER, J.

We concur:


MARTINEZ, P. J.


STONE, J.