Filed 4/8/25  P. v. Ibarra CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083336 |
| v. | (Super.Ct.No. RIF130045) |
| CRUZ A. IBARRA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Gail A. O'Rane, Judge. Dismissed.

Cynthia Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Marvin E. Mizell and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2006 defendant and appellant Cruz A. Ibarra, fired a gun from his vehicle toward a vehicle occupied by his ex-wife and her boyfriend. In 2008, a jury found defendant guilty of one count of attempted murder (Pen. Code, §§ 664/187, subd. (a))[1] and two counts of assault with a firearm (§ 245, (a)(2)). The jury found true the allegations that (1) during the attempted murder, defendant personally discharged a firearm (§ 12022.53, subd. (c)); and (2) during the assaults, defendant personally used a firearm (§ 12022.5, subd. (a)). The trial court sentenced defendant to prison for a determinate term of 27 years and an indeterminate term of 7 years to life.

In 2024, defendant brought a freestanding discovery motion under the Racial Justice Act (RJA). (§ 745, subd. (d).) The trial court denied the motion because (A) it was unclear if a defendant can bring a "post-conviction discovery [motion] unrelated to any existing claim"; and (B) defendant failed to demonstrate a plausible violation of the RJA.

The People contend the denial of a freestanding discovery motion is not appealable so defendant's appeal should be dismissed. Defendant asserts the trial court erred by finding he failed to establish a plausible violation of the RJA. We dismiss.

**FACTS**

In defendant's discovery motion under the RJA, he asserted he was seeking discovery "[t]o facilitate the presentation of [a] writ of habeas corpus." Defendant declared the following racist acts occurred during his felony case: (1) the prosecutor,

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Ms. Robinson, did not offer him a plea deal; and (2) Ms. Robinson dismissed a potential juror who was African-American and a potential juror who was a "[f]emale of Latin dissent." Defendant requested many documents from the Riverside County District Attorney's Office including records from 2006 through 2023 of (1) peremptory challenges by Ms. Robinson; and (2) every case in which the District Attorney's Office did not offer a plea deal. The discovery motion was not filed in connection with a pending writ petition or other pending proceeding.

In denying defendant's motion, the trial court remarked that it was "unclear whether section 745 creates a mechanism for post-conviction discovery unrelated to any existing claim for cases final on appeal. [Citation.] But, even if the section conferred jurisdiction to consider a freestanding claim under the statute, [defendant] has failed to make . . . a plausible case . . . of a violation of the statute."

## DISCUSSION

The People assert the trial court lacked jurisdiction to rule on defendant's freestanding discovery motion. The People contend the denial of an order over which the trial court lacked jurisdiction cannot affect a defendant's substantial rights and therefore is not an appealable order. (§ 1237, subd. (b) [a defendant can appeal a postjudgment order only if it affects his substantial rights].) The same legal issue is currently pending before the Supreme Court. (*In re Montgomery* (2024) 104 Cal.App.5th 1062, review granted Dec. 11, 2024, S287339.)

Section 745 prohibits the People from obtaining a conviction based on race. (§ 745, subd. (a).) Section 745, subdivision (j), sets forth the categories of cases to

3

which the statute applies. The first category is cases "in which judgment is not final." (§ 745, sub. (j)(1).) Defendant was sentenced in 2008. His judgment is final, so his case does not fall within the first category of cases.

The second category is cases involving a death sentence "or potential immigration consequences related to the conviction or sentence." (§ 745, subd. (j)(2).) Defendant was not sentenced to death. Defendant's probation report reflects he is a United States citizen. In defendant's discovery motion, he did not raise immigration issues as a reason for needing evidence. Accordingly, defendant's case does not fit within the second category of cases.

The third set is cases "in which, at the time of the filing of a petition pursuant to subdivision (e) of Section 1473 raising a claim under this section, the petitioner is currently serving a sentence in the state prison . . . pursuant to subdivision (h) of Section 1170." Section 1473, subdivision (e), pertains to writs of habeas corpus alleging a violation of the RJA.

That means section 745 applies to defendants who have filed a habeas petition alleging a violation of the RJA. So, in order to utilize the statute's discovery provision (§ 745, subd. (d)), a defendant needs to have a pending habeas petition alleging a violation of the RJA. In other words, a defendant cannot file a discovery motion (§ 745, subd. (d)), before filing a habeas petition (§ 745, subds. (b) & (j)(3)). Defendant's case would fit into this third category if he had filed a habeas petition.

The fourth category is cases "filed pursuant to Section 1473.7 or subdivision (e) of Section 1473 in which judgment became final for a felony conviction or juvenile

disposition that resulted in a commitment to the Division of Juvenile Justice on or after January 1, 2015." (§ 745, subd. (j)(4).) Defendant's judgment was final in 2008, and he was committed to prison prior to 2015. Therefore, his case does not fall within the fourth set of cases. The fifth set of cases is not activated under the RJA until January 1, 2026. (§ 745, subd. (j)(5).) Thus, defendant cannot rely on that provision at this time.

At present, defendant's case does not meet any of the criteria for applying section 745. (§ 745, subd. (j).) That means the trial court could not have granted defendant's discovery motion. Consequently, the denial of the motion did not affect defendant's substantial rights (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 ["Because the trial court lacked jurisdiction to modify defendant's sentence, denial of his motion to modify his sentence could not have affected his substantial rights"]), which means the order is not appealable. (§ 1237, subd. (b) [a defendant can appeal a postjudgment order affecting his substantial rights].)

Defendant contends freestanding discovery motions are permitted under section 745. Defendant relies on *People v. Serrano* (2024) 106 Cal.App.5th 276 (*Serrano*), in which the appellate court "conclude[d] eligible defendants may seek postjudgment discovery under section 745, subdivision (d) in anticipation of filing a habeas corpus petition." (*Id.* at p. 291, contra *In re Montgomery*, *supra*, 104 Cal.App.5th at p. 1071 ["the RJA does not authorize a freestanding motion for discovery"].) The *Serrano* court explained, "Although [section 745] is not explicit about the scope of its application, the plain language of subdivision (d) does not limit the availability of discovery to pretrial proceedings and habeas corpus proceedings. . . . The only provisions that are expressly

5

limited to postconviction habeas corpus relief are contained in section 745, subdivision (j), which limits when a petition may be filed." (*Serrano*, at p. 287.)

We disagree with *Serrano*'s conclusion that section 745 "is not explicit about the scope of its application." (*Serrano*, *supra*, 106 Cal.App.5th at p. 287.) The plain language of the statute reads, "This section applies as follows:" and then sets forth a list of the types of cases to which it applies (§ 745, subd. (j)), which we discussed *ante*. Nevertheless, if we were to agree with *Serrano's* conclusion that freestanding discovery motions are permitted under section 745, the disposition in this case would remain the same. *Serrano* ultimately held that one cannot appeal from an order denying a discovery motion under section 745 because it is an interlocutory order. (*Serrano*, *supra*, 106 Cal.App.5th at pp. 292-293.) Thus, the appeal would be dismissed under *Serrano* as well.

We will dismiss the appeal. Because we dismiss the appeal, we do not address defendant's contention that the trial court erred in denying his discovery motion.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER           
                                   J.

We concur:

RAMIREZ           
                 P. J.

CODRINGTON         
                 J.