Filed 8/27/25  P. v. Patterson CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HARUM PATTERSON,<br><br>    Defendant and Appellant. | B337603<br><br>(Los Angeles County<br>Super. Ct. No. BA389181) |

APPEAL from an order of the Superior Court of Los Angeles County, Serena R. Murillo, Judge.  Dismissed.

Nancy Gaynor, under appointment by the Court of Appeal, Harum Patterson, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

Harum Patterson appeals from an order denying his petition under various statutes for resentencing.  We appointed counsel to represent Patterson on appeal.  After reviewing the record counsel for Patterson filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 that did not identify any arguable issues.  After independently reviewing the record and the contentions in Patterson's supplemental brief, we have not identified any either.  We dismiss the appeal because it is from a nonappealable order.

## FACTUAL AND PROCEDURAL BACKGROUND

We described the factual background of this case in Patterson's direct appeal.  (See *People v. Patterson* (Sept. 17, 2014, B248859) [nonpub. opn.].)  On August 2, 2011 Juan Carlos Cardona was waiting in his van, which was parked outside his friend's apartment building.  Patterson approached the open front passenger window and asked Cardona if he wanted drugs or women.  Cardona did not respond.

Patterson became angry and walked to the open driver's side window.  Patterson gestured toward his waistband and told Cardona to get out of the van.  Patterson also told Cardona not to be stupid or Patterson would shoot him.  Cardona got out of the van, and Patterson took his wallet.  Patterson then got into the driver's side of the van and ordered Cardona to get into the passenger seat.  Cardona ran toward the apartment building, and Patterson drove away.

In 2012 a jury found Patterson guilty of carjacking (Pen. Code, § 215, subd. (a)),[1] second degree robbery (§ 211), and

---

[1]     Statutory references are to the Penal Code.

2

making a criminal threat (§ 422).  In a bifurcated proceeding the trial court found true allegations Patterson had five prior convictions for serious felonies, within the meaning of section 667, subdivision (a)(1).  On the carjacking and robbery convictions the court sentenced Patterson to consecutive terms of 25 years to life, plus 25 years for the five prior serious felony enhancements.  On the conviction for making a criminal threat, the court stayed imposition of sentence under section 654.  On appeal this court modified the judgment to stay execution of the sentence on the robbery conviction and awarded additional days of presentence custody credit.  (*People v. Patterson*, *supra*, B248859.)

On January 11, 2024 Patterson filed a petition for resentencing.  Patterson argued that there was "a presumption of favoring to recall and resentence" and that the superior court, in resentencing him, should apply various recent ameliorative statutes, including sections 1170, 1171.1, and 1172.75.  Patterson also referred to the Racial Justice Act (§ 745) and asked the trial court to review a report, titled "Demographic Differences in Sentencing: Booker Report," that stated:  "If the Petitioner is not a white female, then this data has clearly revealed a sentencing disparity, qualifying the Petitioner to be resentenced or have their sentence vacated in the interest of justice."  On March 15, 2024 Patterson filed a duplicative petition for resentencing.

On March 25, 2024 the superior court summarily denied the petitions for resentencing.  The court ruled that under section 1172.1 "a defendant is not entitled to file a petition seeking relief" and that the court had not "received a resentencing request from the Secretary of the California Department of Corrections and Rehabilitation . . ., the Board of

3

Parole Hearings, the county correctional administrator, the District Attorney, or the Attorney General." The court also ruled that any relief under the Racial Justice Act "may be considered by the court pursuant to . . . section 1473, subdivision (e)." Patterson timely appealed from the court's March 25, 2024 order denying the two petitions.

## DISCUSSION

As stated, we appointed counsel to represent Patterson in this appeal. After reviewing the record, counsel filed an opening brief that did not identify any arguable issues and that indicated "[t]his court should determine appealability." On June 20, 2025 counsel advised Patterson that she was filing a brief stating she was unable to find any arguable issues and that Patterson could personally submit a letter brief stating any contentions he wanted the court to consider. Counsel also sent Patterson a copy of the opening brief and the record on appeal.

On June 26, 2025 we received a 10-page handwritten supplemental brief from Patterson. Patterson argues that "a trial court should not engage in factfinding involving the weighing of evidence" and that the superior court's order denying his petition for resentencing violated the Equal Protection Clause of the United States Constitution. Patterson contends he "is entitled to be resentenced under . . . section 1170.126, and is to be given the same relief as every similarly situated individual that went back to court and had their Three Strike sentence . . . removed or vacated." He also asserts the "prior felony convictions used against [him] are not within the spirit of the Three Strikes Law."

Patterson, however, did not file his petitions for resentencing under section 1170.126. That statute provides an

4

inmate "serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 168; see *People v. Lopez-Barraza* (2025) 110 Cal.App.5th 1227, 1241 ["[u]nder section 1170.126, a prisoner whose third strike offense was not a serious or violent felony is eligible for resentencing absent specified disqualifying factors"].) In his petition for resentencing Patterson cited sections 667.5, 745, 1170, 1171.1, 1172, 1172.1, 1172.75, 1385 and 1473, as well as Assembly Bill Nos. 124, 256, 333, 567, 960, 1540, 2541 and Senate Bill Nos. 73, 81, 136, 180, 483, 567, 620, 775, 1209 and 1393. But not section 1170.126.[2]

The superior court's decision denying Patterson's request for resentencing under section 1172.1 is not appealable. As the court explained in *People v. Faustinos* (2025) 109 Cal.App.5th 687, a "defendant is not entitled to file a section 1172.1 petition [or] to receive a ruling if he nevertheless files one. It follows that an appeal from an order acting on his petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights. We

---

[2] Even if Patterson had filed a petition under section 1170.126, he would not have been entitled to relief because the offenses for which the trial court sentenced him as a third strike offender were all serious or violent felonies. (See §§ 667.5, subds. (c)(9) [robbery is a violent felony], (c)(17) [carjacking is a violent felony], 1192.7, subd. (c)(38) [making a criminal threat is a serious felony].)

lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1." (*Faustinos*, at p. 696.) Nor is an order denying a petition under section 1172.75 appealable where, as here, the defendant, rather than the Department of Corrections and Rehabilitation, initiates the resentencing process. (*People v. Burgess* (2022) 86 Cal.App.5th 375, 382.) And an order denying a petition under the Racial Justice Act is not appealable either. (*People v. Hodge* (2024) 107 Cal.App.5th 985, 1000, fn. 5; *People v. Hodges* (2023) 92 Cal.App.5th 186, 188; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 983.) Thus, we must dismiss Patterson's appeal. (See *People v. Baltazar* (2020) 57 Cal.App.5th 334, 342; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

## DISPOSITION

The appeal is dismissed.


SEGAL, Acting P. J.

We concur:


FEUER, J.                    STONE, J.

6