Filed 9/19/25  P. v. Mosso CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LORENZO MOSSO,<br><br>    Defendant and Appellant. | B344139<br><br>(Los Angeles County<br> Super. Ct. No. SA045235) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William L. Sadler, Judge.  Dismissed.

Allen G. Weinberg, under appointment by the Court of Appeal, and Lorenzo Mosso, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Defendant Lorenzo Mosso appeals from an order denying his request for resentencing under Penal Code section 1172.1.[1]  His appellate counsel

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

filed a brief raising no issues and requested we proceed under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Mosso filed a supplemental brief. Because the trial court's order is not appealable, we dismiss the appeal.

## BACKGROUND

In February 2003, a jury convicted Mosso of 16 counts of forcible lewd act upon a child (§ 288, subd. (b)(1)) and one count of aggravated sexual assault of a child, sodomy (§ 269, subd. (a)(3)). The trial court sentenced Mosso to 128 years plus 15 years to life in state prison.

On December 26, 2024, Mosso filed a form request for recall of sentence and resentencing pursuant to Assembly Bill No. 600 and section 1172.1. On January 10, 2025, the trial court summarily denied the request. The court stated that "neither the [District Attorney] or [the California Department of Corrections and Rehabilitation] has recommended resentence and the court will not initiate resentencing on its own motion."

Mosso timely appealed. His appointed appellate counsel filed a brief raising no issues and requesting that we exercise our discretion to independently review the record for error pursuant to *Delgadillo, supra*, 14 Cal.5th at pages 231–232. Mosso filed a supplemental brief, asserting that "the trial court's order denying Penal Code section 1172.1 relief is an appealable order."

## DISCUSSION

Section 1237 generally governs a defendant's right to appeal in criminal cases. Under that section, a defendant may appeal from (1) a final judgment of conviction (§ 1237, subd. (a)), and (2) "[f]rom any order made

2

after judgment, affecting the substantial rights of the party" (§ 1237, subd. (b)).

Under section 1172.1, the "[trial] court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced." (§ 1172.1, subd. (a)(1).) The court may also act upon the recommendation of various designated correctional or law enforcement authorities. (*Ibid.*)

The trial court's order denying Mosso's request for resentencing under section 1172.1 is not appealable. As the court explained in *People v. Faustinos* (2025) 109 Cal.App.5th 687 (*Faustinos*), a "defendant is not entitled to file a section 1172.1 petition [or] to receive a ruling if he nevertheless files one. It follows that an appeal from an order acting on his petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights. We lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1." (*Faustinos, supra*, at p. 696.) Thus, we must dismiss Mosso's appeal. (See *People v. Baltazar* (2020) 57 Cal.App.5th 334, 342; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

3

VAN ROOYEN, J.*

WE CONCUR:


MORI, Acting P. J.


TAMZARIAN, J.

---

*Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4