Filed 8/14/23  P. v. Grech CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SONNY LOREN GRECH,<br><br>Defendant and Appellant. | C097206<br><br>(Super. Ct. No. 17FE019588) |

Appointed counsel for defendant Sonny Loren Grech asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We dismiss the appeal for lack of jurisdiction.

**BACKGROUND**

On August 9, 2017, defendant had methamphetamine and a loaded, operable .380-caliber handgun.  Defendant pled no contest to possession of methamphetamine while armed and admitted a prior serious felony conviction allegation.  On April 30, 2019, the trial court sentenced defendant to two years in prison.

1

On October 7, 2022, defendant filed a motion for resentencing pursuant to Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill No. 483) and Penal Code section 1172.75.[1]  The trial court denied the motion and defendant appealed.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  We do not have jurisdiction to consider this appeal.  (*People v. King* (2022) 77 Cal.App.5th 629, 634.)

"The right to appeal is entirely statutory . . . ."  (*People v. Clark* (2021) 67 Cal.App.5th 248, 254.)  "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' "  (*People v, King, supra*, 77 Cal.App.5th at p. 634.)  "And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.' "  (*Ibid*.)

Section 1172.75 is an exception to the general rule that a court lacks jurisdiction to modify a defendant's sentence after execution of the sentence has begun.  Senate Bill No. 483 added what is now section 1172.75 to the Penal Code.  Subdivision (a) of that section declares:  "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of section 6600 of the Welfare and Institutions Code is legally invalid."

---

[1] Further undesignated statutory references are to the Penal Code.  Defendant actually filed his motion pursuant to former section 1171.1, which was added by Senate Bill No. 483.  (Stats. 2021, ch. 728, § 3.)  The Legislature renumbered section 1171.1 as section 1172.75 with no substantive changes.  (Stats. 2022, ch. 58, § 12.)

Section 1172.75 includes a procedural remedy whereby the Secretary of the California Department of Corrections and Rehabilitation (CDCR) and the correctional administrator of each county must identify individuals serving a term including an enhancement described in section 1172.75, subdivision (a) and provide the identity of those individuals to the sentencing court.  (§ 1172.75, subd. (b).)  Then the court is required to recall and resentence those identified individuals.  (§ 1172.75, subd. (c).)

"Under this express procedure, any review and verification by the court in advance of resentencing is only triggered by receipt of the necessary information from the CDCR Secretary or a county correctional administrator, not by any individual defendant.  [Citation.]  Thus, section 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 384.)  A defendant who files a petition without statutory permission does not vest the sentencing court with jurisdiction to resentence.  (See *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

Here, the trial court was without jurisdiction to consider defendant's motion, so the court's order denying that motion is not an appealable order.  (*People v. King, supra*, 77 Cal.App.5th at pp. 634, 639, 641; accord, *Burgess*, at pp. 381-382.)  And, because the trial court lacked jurisdiction to grant defendant's motion, the denial of the motion could not have affected defendant's substantial rights.  (See § 1237, subd. (b).)

Finally, we note that defendant's sentence does not include a section 667.5, former subdivision (b) enhancement invalidated by section 1172.75, subdivision (a).

## DISPOSITION

The appeal is dismissed.

_____

MESIWALA, J.

We concur:

_____

ROBIE, Acting P. J.

_____

DUARTE, J.