Filed 2/6/25  P. v. Venegas CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B337192 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA041350) |
| v. | |
| DAVID VENEGAS, | |
| Defendant and Appellant. | |

THE COURT:

On August 18, 1999, defendant brought a gun to the automobile repair shop where he worked.  Defendant shot his supervisor in the leg and, as his victim lay prone, shot him a second time, leaving him permanently paralyzed below the waist. Following a jury trial, defendant was convicted of attempted voluntary manslaughter (Pen. Code, § 192, subd. (a), count 1),[1] mayhem (§ 203, count 2) and being a felon in possession of a firearm

---

[1]    Further statutory citations are to the Penal Code.

(former § 12021, subd. (a)(1), count 3.) The jury also found true sentencing enhancements, including that defendant deliberately discharged a firearm and that he deliberately discharged a firearm resulting in great bodily injury. Including these enhancements, defendant was sentenced to serve a term of 29 years to life in state prison.

On January 4, 2024, defendant filed a form request for resentencing under section 1172.1. On February 20, 2024, the trial court entered an order stating, "The Court takes no action in initiating resentencing."

On March 11, 2024, defendant filed a notice of appeal from the order dated February 20, 2024. At his request this court appointed counsel to represent defendant. Appellate counsel filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216, raising no appealable issues. Thereafter, defendant timely filed a supplemental brief reiterating his request to be resentenced.

Section 1172.1 is a statutory exception to the general rule that " 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634.) Resentencing under the statute "may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case" (§1172.1, subd. (a)), either on the court's own motion or upon recommendation by "the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, a county correctional administrator, a district attorney, or the Attorney General." (*Id.*, subd. (b).) Subdivision (c) of section 1172.1 both denies defendants the right to request resentencing under section 1172.1, and excuses the trial court from acting on such a request: "A defendant is not entitled to

2

file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (*Id.*, subd. (c).)

We have held, in other contexts, that if the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed. (See, e.g., *People v. Torres* (2020) 44 Cal.App.5th 1081, 1085 [dismissing appeal from order denying request to modify sentence under § 1237.2]; *People v. Fuimaona* (2019) 32 Cal.App.5th 132, 135 [dismissing appeal from order denying request for resentencing under Senate Bill No. 620 (2017-2018 Reg. Sess.)]; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208 [dismissing appeal from order denying request to modify court-ordered restitution].) Thus, defendant's appeal begs the question whether the trial court's order declining to initiate resentencing is appealable.

In criminal cases, the right to appeal is governed by section 1237. This statute authorizes appeals from a final judgment of conviction (§ 1237, subd. (a)), and from "any order made after judgment, affecting the substantial rights of the party." (*Id.*, subd. (b).)

We recently addressed a similar set of circumstances in *People v. Hodge* (2024) 107 Cal.App.5th (*Hodge*). Hodge, while serving a sentence for battery and assault with a deadly weapon, filed a request for resentencing under section 1172.1. In response, the trial court entered an order stating " '[t]he court respectfully declines to exercise its discretion to recall Mr. Hodge's sentence.' " (*Hodge*, at p. 991.) On appeal, although we concluded that the court's response to Hodge's request for resentencing was an "order," we held it was not appealable under section 1237, subdivision (b),

3

because "a trial court's order declining to exercise its discretion under section 1172.1 to recall a defendant's sentence on its own motion after receiving the defendant's unauthorized request for such relief does not affect the defendant's substantial rights under section 1237, subdivision (b)." (*Hodge*, at p. 999.)

Our review of the record discloses no basis on which to distinguish *Hodge* from this case. Because the trial court lacked jurisdiction to rule on defendant's resentencing motion, the order declining to initiate resentencing did not affect defendant's substantial rights and is not an appealable postjudgment order. Therefore, defendant's appeal must be dismissed.

The appeal is dismissed.

_____

ASHMANN-GERST, Acting P. J.    CHAVEZ, J.   RICHARDSON, J.