Filed 10/14/25  P. v. Devora CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B344641 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA177933) |
| v. | |
| JAVIER DEVORA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Renee Korn, Judge.  Dismissed.

Javier Devora, in pro. per.; Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Javier Devora appeals from the superior court's order denying his petition for recall and resentencing under Penal Code section 1172.1.[1]  We appointed counsel to represent Devora on appeal.  After reviewing the record counsel for Devora filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 that did not identify any arguable issues.  After independently reviewing the record and the contentions in Devora's supplemental brief, we have not identified any either.  We dismiss the appeal as taken from a nonappealable order.

## FACTUAL AND PROCEDURAL BACKGROUND

We described the factual background of this case in Devora's direct appeal.  (See *People v. Devora* (Nov. 20, 2000, B137932) [nonpub. opn.] (*Devora*).)  One evening in September 1998 Weljandy Caraballo was fatally shot outside his mother's apartment in East Los Angeles.  Caraballo had been a member of a criminal street gang in Huntington Park.  In his bedroom Caraballo had gang paraphernalia, and several gang members had visited him there.

Devora was an active member of a different criminal street gang and had large gang tattoos on the back of his head, chest, and stomach.  He lived five blocks from Caraballo.  Shortly before the shooting a neighbor saw Caraballo sitting on the steps outside the apartment speaking with a man the neighbor later identified as Devora.

At 11:00 p.m. on the evening of the murder Devora called Moninque Barela, the girlfriend of Devora's friend and fellow gang member, Ernie Santana.  Devora was looking for Santana,

_____

[1]      Statutory references are to the Penal Code.

2

who was not home. According to Barela, Devora was hysterical and crying. He stated that he had shot a man with a gun and that the victim had begged for his life. Devora said he shot the man "because everyone was always saying that he wasn't doing nothing for" the gang. A few minutes into the telephone conversation, Barela reached Santana and conferenced him into the conversation. Santana asked Devora why he shot the man; Devora said "everyone was always talking shit, saying he didn't do nothing for the neighborhood."

Devora fled to Reno and stayed there for three weeks. A week after the shooting Devora called Barela and asked whether the police or anyone else had been looking for him.

The People charged Devora with one count of first degree murder and alleged he personally used a firearm (§ 12022.53, subd. (b)), personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), and personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)). The jury convicted Devora of first degree murder and found true the firearm allegations. The court sentenced Devora to a prison term of 25 years to life, plus 25 years to life for the firearm enhancement under section 12022.53, subdivision (d). We affirmed. (*Devora, supra*, B137932.)

On December 16, 2024 Devora, representing himself, filed a petition titled, "Request for recall of sentence pursuant to Assembly Bill No. 600 (Penal Code § 1172.1)." Devora argued that the superior court should recall his sentence and resentence him "in the interests of justice" because he did "not currently pose an unreasonable risk of danger to public safety"; that "[p]ost-conviction factors such as petitioner's disciplinary record

reflect[ed] a de-escalation in criminality"; that his current age had "diminished [his] physical condition"; that his "constitutional rights were violated in the proceedings"; that he had suffered psychological, physical, and childhood abuse; that he was a youth offender at the time of the offense; and that he was entitled to relief under the Racial Justice Act and ameliorative changes to the law, including sections 1170, 1170.1, 1385 and 5000.

On February 6, 2025 the superior court denied the petition. The court ruled: "Petitioner now requests that the court use its discretion to reduce his sentence. [The] court has received no communication from the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, or the Los Angeles County District Attorney's Office. This Court is declining to use its discretion to recall and resentence on Petitioner's case. [¶] Additionally, Petitioner claims that he should be given relief as a youth offender. Previously in 2019, this court appointed counsel pursuant to *People v. Franklin* (2016) 63 Cal.4th 261, to provide information regarding Petitioner's characteristics and circumstances at the time of the offense to be available at a youth offender parole hearing to facilitate consideration by the Board of Parole Hearings. The information was provided to the Board of Parole Hearings in 2021. Accordingly, Petitioners' additional Motion for Resentencing is denied." Devora timely appealed.

## DISCUSSION

As stated, we appointed counsel to represent Devora in this appeal. After reviewing the record counsel did not identify any arguable issues and indicated "[s]ome courts have found similar orders unappealable." On August 6, 2025 counsel advised Devora

4

that she was filing a brief stating she was unable to find any arguable issues and that Devora could personally submit a letter brief stating any contentions he wanted the court to consider. Counsel also sent Devora the copy of her opening brief and the record on appeal.

On September 8, 2025 we received a seven-page supplemental brief from Devora. In his supplemental brief Devora argues that his appointed appellate counsel referred to section 186.22, but that the "record of conviction shows that it was not alleged nor 'charged' in [this] case" and "leaves appellant with a unique situation in which prejudice or bias may have played a legal role during his trial."[2] Devora further argues the "'gang' language relied upon but not actually charged in his case shows there may have been a violation of the Racial Justice Act." Devora also contends that, when the trial court sentenced him in 1999, "there was no provision for striking or reducing a firearm enhancement found true" and that he was entitled to "a resentencing in light of the 'great weight' relevant to the case under the mitigating factors used in his *Franklin* hearing proceeding that bring new evidence that was not previously available to appellant during his trial."

The superior court's order denying Devora's petition under section 1172.1, however, is not appealable. Section 1172.1, subdivision (c), states: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the

---

[2] The *Delgadillo* brief counsel filed refers to section 186.22 in the table of authorities, but not in the discussion. The People did not allege, and the court did not impose a sentence for, a gang enhancement under section 186.22.

court is not required to respond." As the court explained in *People v. Faustinos* (2025) 109 Cal.App.5th 687, a "defendant is not entitled to file a section 1172.1 petition [or] to receive a ruling if he nevertheless files one. It follows that an appeal from an order acting on his petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights. We lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1." (*Faustinos*, at p. 696; see *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1049 ["a defendant who requests recall and resentencing under section 1172.1 . . . does not have a substantial right at stake, and the trial court's decision on that request is not appealable"].) And to the extent Devora argues that the superior court erred in denying his petition under the Racial Justice Act, such an order is not appealable either.[3] (See *People v. Hodge* (2024) 107 Cal.App.5th 985, 1000, fn. 5; *People v. Hodges* (2023) 92 Cal.App.5th 186, 188; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 983.) Therefore, we must dismiss Devora's appeal. (See *People v. Baltazar* (2020) 57 Cal.App.5th 334, 342; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

---

[3] Devora states he would like "to explore the 'discovery' regarding the [Racial] Justice Act for the statistical data pertaining the gang statutes used but not actually charged in this case." Devora may file any such motion, if appropriate, in the superior court. (See *People v. Serrano* (2024) 106 Cal.App.5th 276, 285.)

## DISPOSITION

The appeal is dismissed.

SEGAL, J.

We concur:

MARTINEZ, P. J.

FEUER, J.