Filed 12/12/25  P. v. Brown CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E086179 |
| v. | (Super.Ct.No. FVI1401325) |
| JERMAINE BROWN, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam I. Morton, Judge.  Dismissed.

Jermaine Brown, in pro. per.; and Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## I.

## INTRODUCTION

In January 2016, defendant and appellant Jermaine Brown pled guilty to attempted second degree robbery (Pen. Code,[1] §§ 664/211). He also admitted that he had personally used a firearm (§ 12022.53, subd. (b)) in the commission of the offense and that he committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). Defendant also admitted he had suffered one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). Pursuant to the negotiated plea agreement, defendant was immediately sentenced to a total term 24 years in state prison.

In April 2024, defendant in pro per filed a request for recall of sentence and resentencing pursuant to Assembly Bill No. 600 (2023-2024 Reg. Sess.) (Stats. 2023, ch. 446) and section 1172.1. In February 2025, defendant's appointed counsel filed a petition for relief pursuant to sections 186.22, 1385, 1172.1, Assembly Bill Nos. 333 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 699) and 600, Senate Bill No. 81, and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). In May 2025, the trial court summarily denied defendant's request for recall and resentencing pursuant to Assembly Bill No. 600 and section 1172.1.

Defendant appeals from the trial court's postjudgment order denying his petition for resentencing pursuant to Assembly Bill No. 600 and Penal Code section 1172.1. Appointed appellate counsel has filed a brief under the authority of *People v. Delgadillo*

---

[1] All future statutory references are to the Penal Code.

(2022) 14 Cal.5th 216 (*Delgadillo*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has done so.

On the court's own motion, the appeal filed in the superior court on May 21, 2025, from the trial court's denial of defendant's postjudgment motion for resentencing is dismissed because it does not affect defendant's substantial rights. (§ 1237, subd. (b).) The trial court lacked jurisdiction to adjudicate defendant's motion for resentencing. (§ 1172.1, subd. (c) ["A defendant is not entitled to file a petition seeking relief from the court under this section."].) Since the court lacked jurisdiction when it denied defendant's resentencing motion, denial of the motion could not have affected his substantial rights. (*People v. Hodge* (2024) 107 Cal.App.5th 985, 999 (*Hodge*) ["a trial court's order declining to exercise its discretion under section 1172.1 to recall a defendant's sentence on its own motion after receiving the defendant's unauthorized request for such relief does not affect the defendant's substantial rights under section 1237, subdivision (b)"]; see *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696 (*Faustinos*) [an appeal from an order denying the defendant's unauthorized section 1172.1 petition does not affect the defendant's substantial rights].) Accordingly, the order denying defendant's motion for resentencing is not an appealable order, and the appeal must be dismissed. (*Hodge*, *supra*, 107 Cal.App.5th at p. 991; *Faustinos*, *supra*, 109 Cal.App.5th at pp. 696, 700; see *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.) Because we lack jurisdiction over this appeal, we do not have discretion to review the

3

record to look for arguable issues.  We also need not and cannot address the arguments raised in the supplemental brief.**2**

II.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

Acting P. J.

We concur:

RAPHAEL

J.

MENETREZ

J.

---

**2** Even if we were to address defendant's remaining arguments raised in his supplemental brief relating to Senate Bill No. 81 and Assembly Bill No. 333, we would reject them.  Senate Bill No. 81 (2021-2022 Reg. Sess.), which amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice, is inapplicable here because it became effective after defendant was sentenced in January 2016.  (Stats. 2021, ch. 721, § 1, enacting § 1385, subd. (c)(7) ["This subdivision shall apply to all sentencings occurring after January 1, 2022"].)  And the amendments to section 186.22 enacted by Assembly Bill No. 333 are retroactive only to cases that are not yet final. (*People v. Tran* (2022) 13 Cal.5th 1169, 1206-1207.)  Defendant's judgment was final long ago.  (*People v. Padilla* (2022) 13 Cal.5th 152, 162.)