Filed 1/6/26  P. v. Reynolds CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DEVONTAE LAKEITH REYNOLDS, <br><br> Defendant and Appellant. | B344239 <br><br> (Los Angeles County Super. Ct. No. NA103415-04) |

APPEAL from an order of the Superior Court of Los Angeles County, James D. Otto, Judge.  Dismissed.

Devontae Lakeith Reynolds, in pro. per.; Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Devontae Lakeith Reynolds appeals from the superior court's order denying his petition under the Racial Justice Act and declining to take any action on his request for recall and resentencing. We appointed counsel to represent Reynolds on appeal. After reviewing the record counsel for Reynolds filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 that did not identify any arguable issues. After independently reviewing the record and the contentions in Reynolds's supplemental brief, we have not identified any either. We dismiss the appeal because it is from a nonappealable order.

## FACTUAL AND PROCEDURAL BACKGROUND

Believing Jason Beaulieu, a member of a criminal street gang, shot at the house of Zariah McCollum, an associate of another gang, Reynolds obtained a firearm for co-defendant Alejandro Alvarado and drove Alvarado, McCollum, and Kaleah Smith to Beaulieu's apartment building. Reynolds and his companions saw Beaulieu sitting on the front stairs of his apartment with another individual, Jacob James. As Reynolds drove by Beaulieu and James, Alvarado fired several shots from the car, one of which hit Beaulieu in the head and killed him. James escaped.

The People charged Reynolds, along with Smith and Alvarado, with the murder of Beaulieu (Pen. Code, § 187, subd. (a))[1] and the attempted willful, deliberate, and

---

[1] Statutory references are to the Penal Code.

premeditated murder of James (§§ 187, subd. (a), 664)).[2] The People alleged that a principal used a firearm (§ 12022.53, subds. (b) & (e)), that a principal personally and intentionally discharged a firearm (§ 12022.53, subds. (c) & (e)(1)), that a principal personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subds. (d) & (e)(1)), and that Reynolds committed the offense for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further, or assist in criminal conduct by gang members, within the meaning of section 186.22, subdivision (b)(1)(C).

In November 2018 Reynolds pleaded no contest to both crimes. Pursuant to a plea agreement, the trial court sentenced him on his murder conviction to a prison term of 25 years to life. The court stated that the sentence on his attempted murder conviction and "all of the special allegations are stayed."

On November 26, 2024 Reynolds, representing himself, filed a petition for writ of *coram nobi*s.[3] Reynolds argued that the

---

[2]    McCollum agreed to testify for the prosecution and pleaded guilty to a reduced offense. (See *People v. Alvarado* (Feb. 22, 2021, B298355) [nonpub. opn.].)

[3]    "The grounds on which a litigant may obtain relief via a writ of error *coram nobis* are narrower than on habeas corpus [citation]; the writ's purpose 'is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court.'" (*People v. Kim* (2009) 45 Cal.4th 1078, 1091.) "'"The office of the writ of *coram nobis* is to bring the attention of the court to, and obtain relief

3

superior court should recall his sentence and resentence him because he was "serving an unauthorized sentence regardless of his accepting the plea agreement" and that he was "a youth offender who is a first time defendant serving a 25-to-life sentence as a aider and [abettor] under the natural probable consequence doctrine." Reynolds asked the court to "hold [an] evidentiary hearing to consider comprehensive information concerning [his] youth environment, childhood sexual trauma, and the constitutionality of his plea agreement at the time of his sentencing hearing in 2018." Reynolds also argued statistical data showed he was charged and sentenced more severely because of his race.

On December 31, 2024 the superior court denied the petition, which the court deemed a petition for writ of habeas corpus. The superior court found the allegations under the Racial Justice Act did not make a prima facie showing of a violation. (See § 745, subd. (c) ["If a motion is filed in the trial court and the defendant makes a prima facie showing of a violation of subdivision (a), the trial court shall hold a hearing"].) The court stated: "Petitioner attaches an article on disparate treatment of

from, errors of fact, such as the death of either party pending the suit and before judgment therein; or infancy, where the party was not properly represented by guardian, or coverture, where the common-law disability still exists, or insanity, it seems, at the time of the trial; or a valid defense existing in the facts of the case, but which, without negligence on the part of the defendant, was not made, either through duress or fraud or excusable mistake; these facts not appearing on the face of the record, and being such as, if known in season, would have prevented the rendition and entry of the judgment questioned.'"" (*Id.* at p. 1092.)

4

Black Americans in the criminal justice system. The article provides some statistics but none related specifically to Los Angeles County. The petition cites four Los Angeles County Superior [Court] cases where the defendants (presumably Caucasians, but not specifically alleged) received less severe sentences than Petitioner. The Petitioner at best only pleads that the defendants were 'convicted of murder' in the second degree, which is a crime different from Petitioner's case. In addition, Petitioner does not plead any facts supporting '[s]imilarly situated factors that are relevant in charging and sentencing.'"

On Reynolds's request for resentencing, the superior court explained that, under section 1172.1, subdivision (c), "a defendant is not entitled to file a petition seeking relief from the court . . . . If a defendant requests consideration for such relief, the court is not required to respond. Accordingly, the court will take no further action on this portion of the defendant's petition." Reynolds timely appealed.

## DISCUSSION

As stated, we appointed counsel to represent Reynolds in this appeal. After reviewing the record, counsel did not identify any arguable issues and indicated that this court "should determine appealability." On August 19, 2025 counsel advised Reynolds that she was filing a brief stating that she was unable to find any arguable issues and that Reynolds could submit a letter brief stating any contentions he wanted this court to consider. Counsel also sent Reynolds a copy of the opening brief, as well as the transcripts of the record on appeal.

5

On October 20, 2025 we received a three-page, handwritten supplemental brief from Reynolds.  In his supplemental brief Reynolds states he "would like the court to consider" new legislation, including Assembly Bill No. 124 (2021-2022 Reg. Sess.), which amended section 1170, subdivision (b)(6)(A), to require the sentencing court to impose the lower term when "[t]he person is a youth or was a youth . . . at the time of the commission of the offense"; Senate Bill No. 518 (2021-2022 Reg. Sess.), which amended section 654, subdivision (a), to provide that "[a]n act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions"; and Senate Bill No. 567 (2021-2022 Reg. Sess.), which amended section 1170, subdivision (b), to limit the trial court's discretion to impose upper term sentences.  Reynolds also contends that "[t]he court [has] not conclusively established every element of the offense," such that he "could not be currently convicted of murder," and that his sentence should "be reduced to a lower charge" because he has been rehabilitated, as shown by his "displayed good behavior, and received achievements while incarcerated."

We cannot reach the merits of the arguments in Reynolds's supplemental brief because the superior court's order is not appealable.  The court's "decision not to act on a defendant's section 1172.1 request for recall and resentencing does not affect his or her substantial rights and is therefore not appealable under section 1237, subdivision (b)." (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1047; see *People v. Roy* (2025) 110 Cal.App.5th 991, 994-995; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 692-693; *People v. Hodge* (2024) 107 Cal.App.5th 985, 991, 996.)  Similarly, an order denying a

petition under the Racial Justice Act is not appealable. (*Hodge*, at p. 1000, fn. 5; *People v. Hodges* (2023) 92 Cal.App.5th 186, 188; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 983.) In the absence of an appealable order, we do not have jurisdiction to hear Reynolds's appeal. (*Faustinos*, at p. 692; *People v. Vaesau* (2023) 94 Cal.App.5th 132, 143.) Therefore, we must dismiss it. (See *People v. Baltazar* (2020) 57 Cal.App.5th 334, 342; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

## DISPOSITION

The appeal is dismissed.

SEGAL, J.

We concur:

MARTINEZ, P. J.

STONE, J.

7