Filed 3/2/26  P. v. Luna CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JORGE LUNA,<br><br>        Defendant and Appellant. | C101312<br><br>(Super. Ct. No. STK-CR-FDV-2014-0008784) |

Defendant Jorge Luna appeals from the trial court's order denying his request for recall and resentencing under Penal Code section 1172.1.  (Statutory section citations that follow are to the Penal Code unless otherwise stated.)  We affirm the order.

FACTS AND HISTORY OF THE PROCEEDINGS

In May 2015, an information charged defendant with willful and deliberate attempted murder (§ 664/187; count 1); assault with a firearm (§ 245, subd. (a)(2); count 2); domestic violence with a prior conviction (§ 273.5, subd. (a), (f); count 3); two counts of possession of a firearm by a felon (§ 29805; counts 4 & 6); possession of ammunition

by a felon (§ 30305, subd. (a)(1); count 5); and four counts of vandalism (§ 594, subd. (a); counts 7, 8, 9 & 10). As to count 1, the information alleged defendant personally discharged a firearm causing great bodily injury to the victim (§ 12022.53, subds. (b), (c), (d) & (e)). As to counts 2 and 3, the information alleged defendant personally used a firearm (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)) and inflicted great bodily injury to the victim under circumstances involving domestic violence (§ 12022.7, subd. (e)).

In March 2016, defendant pleaded guilty to count 3 and admitted the associated enhancements. The remaining charges were dismissed with a *Harvey* waiver. (*People v. Harvey* (1979) 25 Cal.3d 754.) The trial court sentenced defendant to state prison for the middle term of four years on count 3, plus 10 years for the firearm enhancement. The court imposed and stayed under section 654 a term of four years for infliction of great bodily injury under circumstances of domestic violence. The total term imposed was 14 years.

In June 2022, defendant filed in propria persona a motion under sections 1170, subdivision (d), 1181, 1260 and 1385. Defendant argued his sentence was excessive, biased, and unfair due to the imposition of the enhancement adding 10 years to his prison term.

In June 2022, the trial court appointed counsel for defendant. In April 2024, defense counsel filed defendant's petition for recall and resentencing under section 1385. In the petition, defendant contended that changes to the Penal Code allowed him to request that the trial court strike or modify his sentence. The petition noted that "[r]educing recidivism and increasing public safety are factors a resentencing court may rely upon when striking or staying enhanced punishment pursuant to Penal Code § 1172.1 and 1385." The petition quoted section 1172.1, subdivision (a)(5) regarding postconviction factors for the court to consider in recalling and resentencing under section 1172.1. The petition also set forth the history of recall and resentencing legislation codified initially as section 1170, subdivision (d), then relocated to section

2

1170.03, and finally renumbered to section 1172.1.  (*People v. Roy* (2025) 110 Cal.App.5th 991, 994, fn. 1 (*Roy*).)

Defendant argued his sentence should be modified under section 1385, subdivision (c) because of his youth (he was 24 years old at the time of the crime), as well as his record in prison that showed progress toward rehabilitation.  Defendant urged the court to exercise its discretion under section 1385 to dismiss the 10-year enhancement imposed under section 12022.5, subdivision (a) and impose the middle term of four years, or, alternatively, strike the great bodily injury enhancement under section 12022.7.

On May 24, 2024, the trial court held a hearing and denied defendant's request.  The court offered as its reasons:  "One, the court lacks jurisdiction to vacate and resentence, and two, even if the court has jurisdiction, I am not going to exercise the court's discretion to resentence based on the fact that this was a negotiated resolution where the defendant, as a benefit of his bargain, had charges reduced down from a possible life sentence with the willful attempted murder and the 25-year firearm enhancement, he pled that down to a DV case where he received a total of fourteen years, so I'm going to deny the request."

## DISCUSSION

Defendant contends (1) the trial court improperly denied his motion for resentencing under section 1172.1 on the ground that it lacked jurisdiction, and, (2) to the extent the court refused to exercise its discretion based on the plea agreement, its reasoning did not satisfy section 1172.1.  We conclude that the trial court had jurisdiction under section 1172.1 to recall and resentence defendant but did not abuse its discretion in declining to do so on its own motion.

As a threshold matter, we address the question whether the trial court's order is appealable.  The People argue defendant's appeal must be dismissed because the trial court's denial of defendant's "invitation" for recall and resentencing does not affect his

substantial rights. We disagree and conclude that, in this case, the lower court's order is appealable.

Defendant acknowledges section 1172.1, subdivision (c) provides that a defendant "is not entitled to file a petition seeking relief from the court under this section." Subdivision (c) further provides: "If a defendant requests consideration for relief under this section, the court is not required to respond." Defendant correctly maintains that while he may not petition for relief, he is not precluded from inviting the court to act. (*Roy*, *supra*, 110 Cal.App.5th at p. 998, fn. omitted ["Although section 1172.1 does state that a defendant is 'not entitled' to petition the court for relief, a defendant is not forbidden altogether from raising the issue with a court"].) Section 1172.1, subdivision (a)(1) provides the court "may, on its own motion . . . at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ." Defendant suggests correctly that subdivision (a) is applicable here because of changes to the sentencing laws since he was originally sentenced in 2016, to wit, Senate Bill No. 620, which amended subdivision (c) of section 12022.5 such that a firearm enhancement is no longer mandatory and may be dismissed in the interest of justice. (§ 12022.5, subd. (c); Sen. Bill No. 620 (2017-2018 Reg. Sess.) Stats. 2017, ch. 682, § 1, eff. Jan. 1, 2018; see also *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 134.)

Defendant argues that if the trial court acts on a defendant's invitation to recall and resentence under section 1172.1 and issues a ruling, the defendant may appeal, citing *People v. Carmony* (2004) 33 Cal.4th 367, 375-376 (*Carmony*) [defendant has no right to make a motion to dismiss a prior strike under section 1385 but may invite the court to exercise its discretion to do so in furtherance of justice, and appeal if the court declines to dismiss the strike].) For numerous reasons, including the plain language of subdivision (c) of section 1172.1, the People insist that the trial court's refusal to consider the request

4

does not affect defendant's substantial rights and therefore is not appealable. (§ 1237, subd. (b) [an appeal may be taken by defendant "[f]rom any order made after judgment, affecting the substantial rights of the party"].) On reply, defendant counters that subdivision (c) merely makes the rule of *Carmony* applicable to section 1172.1. We conclude that the trial court's order denying defendant's request for recall and resentencing is appealable, but only because the court considered and ruled on the merits of defendant's petition.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159; *People v. Olea* (2025) 115 Cal.App.5th 889, 897 (*Olea*).) "Section 1172.1 does not address whether a trial court's denial of a defendant's request for recall and resentencing under the section is appealable," leaving section 1237, subdivision (b) as the sole statutory authorization for defendant's appeal. (*Olea*, at p. 897.)

Here, the trial court initially ruled that it had no jurisdiction to consider defendant's request. If this were true, the court's order would not affect defendant's substantial rights and not be appealable. " 'A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b).' " (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1085 (*E.M.*).) "Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) Defendant has been serving a 14-year sentence since 2016. Under the common law rule, the trial court would have no jurisdiction to resentence him. Section 1172.1, subdivision (a)(1), however, provides an exception to the general rule, where, as here, the laws applied to defendant's sentence have changed. (*People v. King* (2022) 77 Cal.App.5th 629, 637.) Accordingly, due to the change in the law affecting defendant's sentence, under section 1172.1,

5

subdivision (a), the trial court had jurisdiction to consider defendant's motion for recall and resentencing. (*Roy, supra,* 110 Cal.App.5th at p. 997.)

That the trial court had jurisdiction does not resolve the question whether the court's order denying the request is appealable. In *Roy,* this court concluded the first sentence of subdivision (c) of section 1172.1 providing that a defendant is not entitled to petition for relief under the statute does not alone render an order denying the request unappealable. (*Roy, supra*, 110 Cal.App.5th at p. 998.) But the second sentence that the court is not required to respond does. (*Ibid.*) We said: "If the trial court is not required to act in response to a defendant's request, then defendant has no right to a decision as to whether the trial court will make its own motion to recall and resentence." (*Ibid.*) Thus, "defendant's substantial rights are not affected by the challenged order because the trial court had no obligation to act on defendant's request." (*Ibid.*)

As we noted in *Roy, supra*, 110 Cal.App.5th at page 998, the court in *People v. Hodge* (2024) 107 Cal.App.5th 985, similarly concluded that the second sentence of section 1172.1, subdivision (c) "undermine[s] any claim that defendants have a substantial right at stake when they file[d] an unauthorized request for resentencing." (*Hodge,* at p. 996.) "If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Ibid*.) The court in *Hodge* further explained that the Legislature could not have intended "such an irrational and arbitrary result" that a defendant who files an unauthorized petition on which the trial court does nothing is not entitled to appeal, but a defendant has a right to appeal where the trial court informs the defendant in an order that it intends to do nothing. (*Ibid.; accord People v. Faustinos* (2025) 109 Cal.App.5th 687, 696 (*Faustinos*) ["A defendant is not entitled to file a section 1172.1 petition nor to receive a ruling if he nevertheless files one. It follows that an appeal from an order acting on his petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights"]; *People v. Brinson* (2025)

6

112 Cal.App.5th 1040, 1047 ["We agree with *Hodge's* reasoning and conclude a trial court's decision not to act on a defendant's section 1172.1 request for recall and resentencing does not affect his or her substantial rights and is therefore not appealable under section 1237"].)

In the recent decision in *Olea*, however, the appellate court concluded that *Roy*, *Hodge*, *Faustinos*, and *Brinson* were distinguishable because "the trial courts did not hold hearings and simply issued orders indicating they were declining to act on the unauthorized petitions before them." (*Olea, supra*, 115 Cal.App.5th at pp. 902 & 901, fn. 8.)

In *Olea,* as here, the trial court effectively considered and ruled on the merits of the defendant's request for resentencing. (*Olea, supra*, 115 Cal.App.5th at p. 901.) To begin with, as in *Olea*, the trial court set a status conference and appointed counsel for defendant. (*Ibid.*) Like *Olea* as well, the trial court conducted a contested hearing at which defendant was present. (*Ibid.*) The court in *Olea* noted these steps mirrored the procedure afforded defendants where the resentencing request is initiated by one of the agencies authorized in section 1172.1, subdivision (b)(1). (*Id.* at p. 902.) After stating it lacked jurisdiction, the trial court proceeded to discuss its reasons for not exercising its discretion to resentence defendant if it had jurisdiction. The court explained the sentence was appropriate because defendant negotiated and received the benefit of a plea bargain that significantly reduced the charges and potential sentence.

Considering the entirety of the actions of the trial court following receipt of defendant's petition, along with the statements made at the hearing, we conclude the court evaluated and denied defendant's petition on the merits, affecting his substantial rights. (*Olea, supra*, 115 Cal.App.5th at p. 902, citing *Carmony, supra*, 33 Cal.4th at p. 375.) Had the trial court simply declined to respond, there would have been no order to appeal. But once the court evaluated the request instead of merely declining to act, the ruling became a reviewable postjudgment order.

7

Logically, once the trial court decided the resentencing request on its merits, that ruling was in the same procedural posture as it would have been if the trial court had decided to consider resentencing on its own motion or at the invitation of other agencies set forth in the statute. An order rendered under those circumstances is appealable. (§ 1172.1, subd. (d).) Fundamentally, by deciding whether to recall defendant's sentence, the trial court created a substantial right in favor of the defendant which he can challenge on appeal.

We thus turn to whether the trial court abused its discretion by denying his recall request. (*E.M., supra*, 85 Cal.App.5th at p. 1082 ["We apply the abuse of discretion standard of review to a trial court's denial of recall"].) Defendant argues the trial court abused its discretion by failing to consider postconviction factors set forth in subdivision (a)(5) of section 1172.1, such as "defendant's disciplinary record and progress toward rehabilitation," evidenced by the exhibits to defense counsel's motion, as well as his youth at the time of the crime. We disagree.

To begin with, the trial court did consider defendant's evidence of positive progress and his youth. At the hearing, the court stated it had "reviewed all the documents in the case and the case file," which included defendant's prison records and letters from friends and family attached as exhibits to defense counsel's motion. But the court was under no obligation to specifically discuss these factors in its ruling. While subdivision (a)(7) of section 1172.1 requires the court to state its reasons for granting or denying a request, subdivision (c) "expressly relieves the court from any duty to give reasons for the denial of relief requested by the defendant." (Couzens et al., Cal. Practice Guide: Sentencing California Crimes (The Rutter Group 2025) ¶ 29:8.)

More significantly, the trial court's actions and statements do not indicate it was exercising its discretion to recall and resentence defendant "on its own motion." (§ 1172.1, subd. (a)(1); *Olea, supra,* 115 Cal.App.5th at p. 902.) Rather, the trial court stated that it was "not going to exercise [its] discretion" to recall and resentence

8

defendant and gave its reasons therefore.  The postconviction factors set forth in subdivision (a)(5) of section 1172.1 apply where the trial court has decided to recall and resentence a defendant on the court's own motion.  We agree with *Olea* that the procedural steps the trial court took in that case and here did not limit or restrict its "discretion to *not* recall and resentence on its own motion." (*Olea*, at p. 903.)  To be sure, had the trial court declined to recall and resentence defendant solely on the basis that it lacked jurisdiction to consider defendant's request, the court arguably would have abused its discretion by acting unaware of the scope of its discretion. (*Carmony, supra*, 33 Cal.4th at p. 378.)  But here the trial court articulated reasons for not exercising its discretion to recall and resentence defendant on its own motion.  We conclude in doing so the trial court did not abuse its discretion by considering impermissible factors or rendering a decision so irrational or arbitrary that no reasonable person could agree with the decision. (*Olea*, at p. 903.)

## DISPOSITION

The trial court's order denying defendant's section 1172.1 resentencing petition is affirmed.

_____/s/_____
HULL, J.

We concur:

_____/s/_____
EARL, P. J.

_____/s/_____
MAURO, J.

9