Filed 4/23/26  P. v. Sierras CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)


| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRANK SIERRAS,<br>    Defendant and Appellant. | C103131<br><br>(Super. Ct. No. 15F01339) |


Defendant Frank Sierras appeals from the trial court's denial of his motion for resentencing.  Appointed counsel for Sierras filed an opening brief setting forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We conclude the order dismissing Sierras's motion is not appealable.  Therefore, we shall dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2015, Sierras, an off-duty police officer, was punched in the face and escorted out of an establishment by security.  Sierras, who appeared very intoxicated, returned with a companion who was armed with a firearm.  During a confrontation with security, the firearm fell.  Sierras recovered the firearm and discharged it, shooting and injuring another patron.

The People charged Sierras with two counts:  (1) attempted murder (Pen. Code,[1] §§ 187/664); and (2) assault with a firearm (§ 245, subd. (b)).  The People also alleged firearm enhancements as to both counts (§§ 12022.5, subds. (a)(1) & (d); 12022.53, subds. (b), (c) & (d).)  As to the assault count, it was alleged that Sierras inflicted great bodily injury as defined in section 12022.7, subdivision (b).

Sierras pled no contest to assault with a semi-automatic firearm (§ 245, subd. (b)) and admitted the firearm and great bodily injury enhancements (§§ 12022.5, subd. (a), 12022.7, subd. (b)).  He was sentenced to an aggregate term of 21 years.

In 2024, Sierras filed a motion asking the trial court to resentence him under sections 954 and 1385.  Specifically, Sierras claimed that his sentence was unauthorized under section 954 and the current version of section 1385 as amended by Senate Bill No. 81 (2021-2022 Reg. Sess.) and Senate Bill No. 620 (2017-2018 Reg. Sess.).  The trial court dismissed Sierras's motion because neither section 954 nor section 1385 granted the court jurisdiction to resentence Sierras.

Sierras timely appealed.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Sierras was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and Sierras has not filed a supplemental brief.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute."  (*People*

---

[1]    Undesignated statutory references are to the Penal Code.

2

*v. Loper* (2015) 60 Cal.4th 1155, 1159.) Section 1237, subdivision (b), authorizes criminal defendants to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." The type of claim raised in the trial court determines whether a postjudgment order affects the substantial rights of a party. (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 693.) " '[A]n appealable order must be validly issued,' and 'a sentencing order cannot be valid if the trial court lacks jurisdiction to issue it.' " (*Ibid*.) Therefore, " '[a] trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b).' " (*Id*. at pp. 693-694, quoting *People v. King* (2022) 77 Cal.App.5th 629, 639.)

Here, the trial court dismissed Sierras's motion because it determined it lacked jurisdiction under either section 954 or section 1385 to resentence Sierras. The court determined that neither provision, as amended, conferred postconviction jurisdiction on the court to resentence Sierras, whose sentence was final in October 2017. (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135; § 1385, subd. (c)(7).) The trial court's order, which dismissed Sierras's motion because the court lacked jurisdiction to grant him relief under those provisions, therefore, did not affect Sierras's substantial rights. (*People v. Faustinos, supra*, 109 Cal.App.5th at pp. 693-694.) It is, therefore, not appealable under section 1237, subdivision (b). (*Faustinos*, at pp. 693-694.) Because the order is not appealable, we must dismiss the appeal. (*People v. King, supra*, 77 Cal.App.5th at pp. 634, 642.)

## DISPOSITION

The appeal is dismissed.

/s/
EARL, P. J.

We concur:

/s/
MAURO, J.

/s/
MESIWALA, J.

4